## REDMAN *v.* THE STATE.

Case 2.
1b 429
141   36

On the trial of an indictment against *A.* for receiving goods, knowing them to be stolen, the wife of *C.* was offered as a witness for the prosecution. The evidence was objected to on the ground that *C.* had been charged, on affidavit, before a justice with stealing the same goods, before *A.* was accused

May Term,
1826.

REDMAN
v.
THE STATE.

of receiving them; that the charge still existed; that the officers of justice were in pursuit of *C.*; and that the witness had frequently expressed fears that *C.* would be taken and convicted of the larceny. *Held*, that the objection was insufficient.

The indictment contained two counts, one against *B.* for stealing, the other against *A.* for receiving the goods, knowing them to be stolen. *Held*, that the second count was not objectionable for not stating the time, place, value of the goods, &c.; these requisites being laid in the first count, and referred to in the second. *Held*, also, that there was no misjoinder.

*Saturday,*
*May 6.*

ERROR to the *Marion* Circuit Court.

HOLMAN, J.—The indictment contains two counts. The first is a regular charge against *Timothy N. Warner* for stealing certain goods, and the second charges *Samuel Redman*, the present plaintiff, *Peggy Redman*, and *Sally Warner*, with receiving the said goods, knowing them to be stolen. *Redman* was arraigned, pleaded not guilty, was convicted, and sentenced to confinement in the state's prison. On the trial, *E. Daily* was introduced by the prosecutor as a witness. The defendant objected to her competency, on the ground that her husband, *J. Daily*, had been originally charged by affidavit, before a justice of the peace, with stealing the goods specified in the indictment, before the defendant was accused of receiving them; that said accusation still existed; that the officers of justice were in pursuit of him; and that the witness had frequently expressed fears that her husband would be taken and convicted of the larceny. The objection to the competency was overruled, and she gave evidence. On her examination, she stated that *Timothy N. Warner* and another person, whom she refused to name, brought the goods mentioned in the indictment to her place of residence; and in her relation of the concealment and division of the goods, she mentions this other person as being jointly concerned with *Warner* in the whole transaction, yet conceals his name in such a manner as, the defendant's counsel supposes, would induce a general belief that that person was her husband. With this is connected another circumstance, that *Warner* and *Daily* absconded nearly at the same time. After the verdict, a motion was made for a new trial, on account of the admission of this witness, and also because no evidence was given of the conviction of *Warner* for stealing the goods.

There is some ambiguity in the books on evidence on the subject of a wife's giving evidence that may affect her husband, which principally arises from the use of general expressions; but

those expressions, qualified by the cases from which they are deduced, are not sufficient to warrant the rejection of Mrs. *Daily's* testimony. She was not required to give evidence against her husband. He was not charged in the indictment, nor could he be affected by any proceedings in the cause. The conviction or acquittal of *Redman*, or of any person named in the indictment, could not change the liability of *Daily* to a prosecution. In giving evidence against *Redman*, she was not necessarily required to mention the name of her husband, nor any of his transactions; nor could her testimony ever be given in evidence against him at any future period. The moral influence it might be supposed to have in exciting suspicion against him, in the present case, is not of a very definite character, and would not of itself excuse her from giving evidence, nor in any manner affect her competency as a witness.

On the other ground for a new trial we are equally clear. The previous conviction of the person who steals the goods, is not required by the act of assembly, in order to maintain a prosecution against the receiver. Stealing, and receiving stolen goods, are two distinct offences. They are not, by the act of assembly, placed on the footing of principal and accessary. The case of *Ross* v. *The State*, *Nov.* term, 1825, seemed to suppose that stealing and receiving stolen goods were, by the act of assembly, made the same offence (1). We decided that the crimes were distinct, and that the act could not assimilate them nearer to each other than principal and accessary, between whom a clear distinction is always maintained. Nothing in that decision leads to the idea, that the receiver is to be considered as an accessary, who cannot be punished until the principal is convicted. On the contrary, we are clearly of opinion, that the legislature intended to make the act of receiving stolen goods a substantive crime, to stand independent of the stealing, and subject to punishment without any reference to the trial or conviction of the thief.

After the motion for a new trial was overruled, a motion was made in arrest of judgment, founded on several objections to the indictment. Some of those objections were that the time, place, and value of the goods, &c., were not stated in the second count; but these requisites are properly laid in the first count, and referred to in the second, which answers all the purposes of certainty required by law. The point on which the

May Term,
1826.

REDMAN
v.
THE STATE.

principal reliance was placed, is, the joinder of two counts in the same indictment; one against *Warner* for larceny, the other against *Redman* and others as receivers. But this objection is unavailable. The two crimes are of the same nature; they require the same plea, the same judgment, and the same quantum of punishment. The charge of larceny against *Warner*, in the first count, cannot mislead or perplex the receivers in their defence, nor change the nature of their case, in any respect, from what it would have been if the larceny had been set forth by way of recital. See 1 Chitt. C. Law, 254.—8 East, 41.

*Per Curiam.*—The judgment is affirmed with costs.

*Wick* and *Brown*, for the plaintiff.

*Fletcher*, for the state.

(1) Ante, p. 390.