May Term, 1853.

KEEFER
v.
THE STATE.

KEEFER *v.* THE STATE.

An indictment charging the defendant with receiving and concealing stolen goods, is not bad for duplicity.

A defendant may be charged in one count of an indictment with stealing and in another with receiving stolen goods.

Monday, June 6.

APPEAL from the *Allen* Circuit Court.

ROACHE, J.—This was an indictment against *George Keefer* for grand larceny.

The first count alleges a larceny of three log chains.

The second count charges that the defendant, "three log-chains, of the value of 3 dollars each, of the personal goods," &c., "which had been before that time feloniously stolen, taken and carried away, did then and there have, receive and conceal, he, the said *George Keefer*, then and there well knowing said log-chains to have been, as aforesaid, feloniously stolen," &c.

Before plea, the defendant moved the Court to quash

the second count on the ground of duplicity. His motion was overruled.

On a trial, there was a verdict of guilty. Motion for a new trial overruled, and judgment on the verdict.

The defendant below insists that receiving and concealing are such distinct offences that they cannot be joined in the same count.

The receiving and concealing of a specified stolen article may be distinct acts, yet they are necessarily parts of the same transaction. By the statute, the nature of the crime and the punishment are the same. The fact of his being charged with the two acts, which together make up and are but parts of the same transaction, could not mislead or embarrass the defendant in making his defence. *Regina* v. *Bowen*, 1 Carr. and Kirwan 501, is an analogous case. The indictment was founded on a statute which enacted, "That if any person shall wilfully destroy, deface, *or* injure," &c., "any such register, or any part thereof," every such offender shall be guilty of a felony. The indictment charged that the defendant "feloniously and wilfully did destroy, deface, *and* injure a certain register," &c.

It was objected, on a motion in arrest of judgment, that three distinct, separate felonies were charged, viz., the *destroying*, the *defacing*, and the *injuring* the register. The Court, thirteen judges being present, decided the indictment to be good, notwithstanding any one of the three acts charged was a felony. The acts were so intimately connected, that the defendant could not possibly be misled by their joinder in the same count, either as to the nature of the accusation against him, the defence proper to be made, or the evidence necessary to be adduced in support of it. (1)

It is further objected, that there was a misjoinder of counts. No such objection appears to have been made below. But if it had been, it should have been overruled.

A defendant may be charged in one count of an indictment with stealing, and in another with receiving, &c. See Arch. Cr. Pl. 60.—*Redman* v. *The State*, 1 Blackf. 429.

*Per Curiam.*—The judgment is affirmed with costs.

*W. W. Carson*, for the appellant.

*R. A. Riley, N. B. Taylor* and *J. Coburn*, for the state.

(1) See, also, *The State* v. *Slocum*, 8 Blackf. 315.—*Dormer* v. *The State*, 2 Ind. R. 308.—*The State* v. *Ryman, id*. 370.