May Term,
1860.

MAYNARD
v.
THE STATE.

The appeal is dismissed.

*D. Nation, J. E. McDonald,* and *A. L. Roache,* for the state.

---

## MAYNARD v. THE STATE.

APPEAL from the *Ripley* Circuit Court.

Saturday,
June 9.

PERKINS, J.—Indictment, containing ten counts, charging the defendant with stealing and receiving stolen goods. Time, place, value, &c., are stated in the second count, by way of reference to the first, in which they are definitely given.

The defendant was convicted on the second, and acquitted on the first count of the indictment.

It is contended there was a misjoinder of counts. This is not so. A person has had goods taken, stolen from him. He finds them in the possession of another person. That person may have stolen them, or knowingly received them from another person who did steal them. Before prosecution, it may be uncertain which. The state, to meet the contingency, charges him, in one paragraph with stealing, in another with receiving the stolen goods. On the trial, the evidence determines the contingency, and the conviction announces the determination. See *Redman* v. *The State,* 1 Blackf. 429.—*Keefer* v. *The State,* 4 Ind. R. 246.

It is contended that the statute does not fix a punishment for the offense of receiving stolen goods. It does. It prescribes the same punishment as for the larceny of the goods—that is, if over the value of five dollars' worth is received, the punishment is the same as for grand larceny; if goods of less than that value are received, the punishment is that of petit larceny. 2 R. S. p. 409, § 22.

May Term,
1860.

WILLIAMS
v.
THE EVANS-
VILLE, &c.,
RAILRO'D Co.

*Per Curiam.*—The judgment is affirmed with costs.

*J. W. Gordon* and *J. A. Beal,* for the appellant.

*J. E. McDonald,* Attorney General, and *A. L. Roache,* for the state.