Gandolpho *v*. The State.

---

## GANDOLPHO *v*. THE STATE.

CRIMINAL LAW.—*Indictment.—Receiving Stolen Goods.*—An indictment for receiving stolen goods alleged a felonious larceny of said goods, on, &c., by certain persons named, other than defendant, and that the defendant afterwards, on, &c, "did then and there, unlawfully and feloniously, receive, conceal, and aid in concealing said goods, he then and there well knowing said goods to have been·so as aforesaid unlawfully and feloniously stolen, taken, and carried away," &c.

*Held*, that this was a sufficient allegation of a felonious intent in receiving said goods.

*Held*, also, that it was sufficiently alleged that the defendant knew, at the time he received the goods, that they had been stolen.

SAME.—In an indictment for receiving stolen goods, knowing them to have been stolen, it is not necessary, under our existing statute, to charge the defendant with having received the goods with intent to defraud any person.

SAME.—*Practice.—Trial on Several Counts.*—An indictment contained·three counts, the first for unlawfully, feloniously, and burglariously breaking and entering a manufactory, in the night time, and stealing certain goods therefrom; the second for larceny; and the third for receiving stolen goods, knowing them to have been stolen; it being evident from the face of the indictment that all the counts were based upon the same larceny.

*Held*, that the prosecuting attorney could not properly be compelled to elect upon which count he would first put the defendant on trial.

BILL OF EXCEPTIONS.—*Affidavit for Continuance.*—An affidavit in support of a
defendant's motion for a continuance in a criminal action cannot be made
a part of the record except by a bill of exceptions.

APPEAL from the Jennings Circuit Court.

Gandolpho, the appellant, was convicted on an indict-
ment for receiving stolen goods, knowing them to have
been stolen.

The indictment contained three counts. The first charged
the defendant with unlawfully, feloniously, and burglarious-
ly breaking and entering the manufactory of certain per-
sons named, known as the "O. and M. Woollen Mills," in
the night time, and stealing therefrom certain goods, which
were described, on the 31st day of August, 1870. The sec-
ond count charged the appellant with a larceny of the same
goods described in the first count, and at the same date.

The third count alleges a felonious larceny of the same
goods, on the 31st of August, 1870, by William Hopper,
James Redman, Thomas Foungate, and Peter Stein; and
that the appellant, afterwards, on the 8th day of September,
1870, "did then and there unlawfully and feloniously re-
ceive, conceal, and aid in concealing, said goods, he then
and there well knowing" said goods "to have been so as
aforesaid unlawfully and feloniously stolen, taken, and car-
ried away," &c.

A motion was made to require the prosecuting attorney
to elect on which count of the indictment he would first
put the appellant on trial, which was overruled.

The court also overruled a motion made by the appellant
to quash the several counts of the indictment. To these
rulings the appellant excepted. Not guilty was then plead-
ed, and the case was tried by a jury, who found the appel-
lant guilty as charged in the third count of the indictment,
assessed his fine at one cent, and that he be imprisoned in
the state prison two years, and be disfranchised and ren-
dered incapable of holding any office of trust or profit for
five years. They also found him not guilty as charged in
the first and second counts of the indictment.

A motion for a new trial and a motion in arrest of judgment were overruled, and excepted to, and judgment was rendered on the verdict.

ELLIOTT, J.—It is urged as an objection to the third count of the indictment, that it does not allege that the goods were received by the appellant with a felonious intent. The indictment alleges, that the appellant "unlawfully and feloniously received and concealed the goods." This is a sufficient allegation of the felonious intent with which the goods were received and concealed.

Another objection urged to the third count of the indictment is, that it does not charge the appellant with receiving the goods with intent to defraud any person.

It was held, in *Pelts* v. *The State,* 3 Blackf. 28, that an indictment for receiving stolen goods, under the statute of 1829, should aver that the goods were received with intent to defraud the owner. But that case is not in point here. There the statute on which the indictment was founded declared that any person "who shall buy, conceal, or receive any stolen goods and chattels, knowing the same to be stolen, *with intent to defraud the owner,*" &c. Here the statute on which the indictment is based omits the words which we have italicised above; it declares that "every person who shall buy, receive, conceal, or aid in the concealment of any stolen property, knowing the same to have been stolen, shall, upon conviction thereof," &c. The indictment charges the offense in the language of the statute, and is sufficient.

It is also claimed that the indictment does not sufficiently allege that the appellant knew, at the time he received the goods, that they had been stolen. There is no foundation for this objection. The indictment, after alleging that the appellant received and concealed the goods on the 8th of September, 1870, contains the averment, that "he, the said Peter Gandolpho, then and there well knowing said" goods "to have been as aforesaid unlawfully and feloniously

stolen," &c. It would be difficult to frame any other form of averment that would more fully and directly express the guilty knowledge in the receipt of the stolen goods.

The ruling of the court in refusing to require the prosecuting attorney to elect on which count of the indictment he would first put the appellant on trial, is also objected to. There was no error in the ruling. *Keefer* v. *The State*, 4 Ind. 246. It is evident from the face of the indictment that all the counts are based on the same larceny.

It is claimed that the court erred in refusing to continue the cause on the appellant's motion based on an affidavit. The affidavit was not properly a part of the record, and could only be made so by a bill of exceptions, which was not done; and although the clerk has copied into the record a paper purporting to be an affidavit for a continuance, it is not properly there, and we cannot notice it as a basis of error.

It is also insisted that the verdict of the jury is not sustained by the evidence. We cannot say so. The evidence shows that the woollen mills were broken open, and the goods described in the indictment stolen therefrom, on the night of the 31st of August, 1870. It also strongly tends to prove that the appellant was in the vicinity of the mills the evening of the larceny, in company with some of the other parties who had been convicted on an indictment for the larceny. Indeed, one witness, who was also accused of participating in the larceny, testified that the defendant went to the mills that night in company with the parties named; and if his evidence is to be credited it would clearly justify the defendant's conviction of the larceny.

The evidence further shows that afterwards, on the 7th or 8th of September, the appellant and one of the other parties, who has since been convicted of the larceny, were in possession of a trunk containing a part of the stolen goods; the appellant claimed the trunk as his, and made a false statement in reference to what it contained. Under such a state of facts, we cannot say that the evidence did

not justify the jury in finding the appellant guilty of receiving the goods, knowing them to have been stolen.

The judgment is affirmed, with costs.

*J. Bundy,* for appellant.

*D. E. Williamson,* Attorney General, for the State.