FRANKLIN BENNETT *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 17, 1880.*

1. CRIMINAL LAW—*joinder of counts in indictment.* Counts in an indictment may properly be joined, for larceny, the buying and receiving of the same property, knowing it to have been stolen, for the defendant's own gain, and to prevent the owner from again possessing the same, and in like manner, and for like purpose, with receiving and aiding in the concealment of the same property; and a trial may be had upon all of the counts, and the prosecution will not be required to elect as to either count, the charges all relating to one transaction.

2. Although it is not proper to include separate and distinct felonies in different counts of the same indictment, it is allowable to state the same offence in different ways, although the judgments on the several counts be different.

3. EVIDENCE *in criminal cases—effect of statements of one defendant as to others.* Where three persons are indicted for larceny, the statements of one of the defendants, in the absence of the others, while evidence against the one making them should not affect the others, and when offered the court should be asked to restrict its effect entirely against the party making such statements. If the court is asked to rule out that part of them relating to the other two defendants, being competent against one, the court may properly refuse to rule out any part of it.

4. SAME—*what accused said when stolen property was found in his possession.* Where it was proved on the trial of one for larceny, by a witness, that he found the stolen property, and that two of the defendants went with him to the place where it was found: *Held,* that the defendants had the right, when called as witnesses, to state what they said as to how they came by the property, and it was error to refuse to allow such testimony.

5. It is a well settled rule that what explanations a person makes while in the possession of stolen property, at the time of finding it in his possession, are admissible in evidence for such party, as explanatory of the character of his possession, and it is for the jury to weigh them and consider whether they were made in good faith, and were true, or only for the purpose of self-exculpation.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. FRANCIS GOODSPEED, Judge, presiding.

Messrs. HALEY & O'DONNELL, for the plaintiffs in error:

When an indictment is founded on two statutes, it will be defective if it concludes against the form of the statute. If the offence is created by one statute, and a penalty is fixed for its violation by another, an indictment for the offence must conclude against the form of the statutes. *State* v. *Moses,* 7 Blackf. 244; *Westwood's case,* 2 Hale's P. C. 173; *Dingley* v. *Moore,* Cro. Eliz. 750; *Broughton* v. *Moore,* Cro. Jac. 142.

Several felonies can not be joined in several counts of the same indictment. 1 Arch. Cr. Pr. and Pl. 311; *Lazier* v. *Commonwealth,* 10 Gratt. 708; *Young* v. *Rex,* 3 T. R. 98; *Commonwealth* v. *Manson,* 2 Ashm. 31; *State* v. *Abrahams,* 6 Ia. 117; *McGregg* v. *State,* 4 Blackf. 101; *Lyons et al.* v. *The People,* 68 Ill. 271.

When, from the reading of the indictment, the court can see that two separate and distinct felonies are joined in several counts of the indictment, it is its duty to compel the prosecution to elect. *State* v. *Woodard,* 21 Mo. 265; *Josephine* v. *State,* 39 Miss. 613.

Or the court will, upon motion, quash the indictment, when on its face it shows a misjoinder of offences in several counts of the indictment. 1 Bish. Cr. Pr. sec. 455; *State* v. *Coleman,* 5 Port. 32; *Nash* v. *State,* 14 Smedes & M. 120; *Mayo* v. *State,* 30 Ala. 322; *Weinzorflin* v. *State,* 7 Blackf. 188.

If the acts of the defendant are allowed in evidence, his declarations accompanying such acts are also competent evidence, as explaining, or tending to explain, such acts or conduct. *Mack* v. *State,* Sup. Ct. Wis. Feb. 1880; Greenl. Ev. sec. 108; *Comfort* v. *The People,* 54 Ill. 404; *Croff* v. *Ballinger,* 18 id. 200; *Hardisty* v. *Glenn,* 32 id. 62; *Rigg* v. *Cook,* 4 Gilm. 336; *Welch* v. *Louis,* 31 Ill. 458.

The court erred in permitting the prosecution to prove the statements of Frank Bennett, made nearly five weeks after the larceny, and in refusing to exclude this evidence as against the other defendants. 1 Greenl. Ev. secs. 109, 110, 111.

604 BENNETT *et al. v.* THE PEOPLE. [Nov.

Brief for the People.    Opinion of the Court.

Mr. JAMES K. EDSALL, Attorney General, for the People:

1.   The formal objections to the indictment are not available on writ of error.   Criminal Code, § 411.

2.   There was no error in the joinder of different counts. 1 Wharton's Crim. Law, (7th ed.) § 416, and cases therein cited.

3.   Where the fact is true, that the accused, by the same act, steals not only a horse, but other personal property, there is nothing in our statute which requires him to be indicted separately for the larceny of the horse.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment against Franklin Bennett, Frank Bennett and John Pierce, the first count charging them with the larceny of three horses, two sets of harness, and one wagon; the second with buying and receiving the same property knowing it to have been stolen, for their own gain, and to prevent the owner from again possessing the property; the third, for in like manner, and for like purpose, with receiving and aiding in the concealment of the same property.

All the counts charged the commission of the offences as on the same day, and at and within the same county.

The circuit court overruled a motion by the defendants to quash the indictment, as also one to compel the prosecutor to elect upon which count or counts he would proceed to trial, to which rulings exceptions were taken.

Upon trial all the defendants were convicted, and were sentenced to the penitentiary.

They prosecute a writ of error to reverse the judgment.

It is insisted the court erred in not quashing the indictment, or compelling the prosecutor to elect under which count of the indictment he would proceed to trial.

By our statute the punishment for larceny, where the property stolen exceeds the value of $15, is imprisonment in the penitentiary not less than one nor more than ten years, except

larceny of a horse, the punishment for that being such imprisonment, not less than three nor more than twenty years, and the punishment for the offences charged in the last two counts is the same with that of larceny in general, imprisonment in the penitentiary not less than one nor more than ten years; and they, equally with larceny, by our statute, are made felonies.

Although it be not proper to include separate and distinct felonies in different counts of the same indictment, it is allowable to state the same offence in different ways in different counts, although the judgments on the several counts be different. *Lyons et al.* v. *The People,* 68 Ill. 273.

We do not consider that the joinder of counts in this indictment, is in violation of this rule. The reason of the rule against the joinder of counts is, that such joinder may perplex the prisoner in his defence, or prejudice him in his challenge of the jury. There could not, we are satisfied, have been any such effect here. The counts related really to but one transaction, the charges in them being modified to meet the proof.

In *The People* v. *Rynders,* 12 Wend. 426, it was said by the court:

"That there would be an incongruity in incorporating in the same indictment offences of a different character, such, for instance, as forgery and perjury, can not be denied, and that in such a case a court would refuse to hear a trial upon both, there can be no doubt; but when offences of the same character, differing only in degree, are united in the same indictment, the prisoner may and ought to be tried on both charges at the same time. Such is this case. The prisoner was indicted for forging the check and also for publishing it as true, knowing it to be false. These are different offences and punished with different degrees of severity, but were properly united, both in the indictment and the trial. The prisoner might be convicted of one and not of the other."

Stolen property, found in a prisoner's possession, might tend to prove him guilty of a larceny, or of receiving stolen

goods, with an uncertainty as to which, and it would be proper in an indictment to add counts charging each, to meet whatever the whole proof in the case might establish the offence to be.

In 1 Bishop's Cr. Prac., in note to sec. 449, is an enumeration of some of the cases in which joinder of offences in felony seems to be permissible—it being understood the counts really relate to one transaction—among which is, "a count charging a larceny with a count for receiving stolen goods," citing authorities; and see 1 Whart. Cr. Law, 7th ed. sec. 423. *State of Missouri* v. *Danbert,* 42 Mo. 242, and *Maynard* v. *State,* 14 Ind. 427, are precedents sustaining a joinder of those counts.

Certain statements made by Frank Bennett, one of the defendants, some weeks after the larceny of the horses in question, were introduced in evidence, as also a letter written by him while in jail. It is urged as error, that the court refused to exclude this evidence as against the other defendants. We do not find, from the record, that the court did so refuse. All that appears with regard to the letter is, that when it was offered in evidence, objection was made thereto on the ground that the foundation was not laid, and that it was not competent.

And as to the statements made, the motion was to rule out that part of them relating to Franklin Bennett and Pierce, the other defendants. Now all this evidence was competent and proper, as against Frank Bennett himself, and the court properly refused to rule out any part of it.

We do not think it was proper evidence as against the two other defendants, and should not have affected them,—and had the court been asked to restrict the evidence in its effect, entirely to Frank Bennett, and refused, we would hold it to have been error. But we do not understand that as the purport of the request.

The witness Hanna, on the part of the prosecution, testified to having found the harness and horses alleged to have

been stolen, on the farm of Franklin Bennett, and that the Bennetts accompanied him to the place where the property was found.

After the direct examination was concluded, defendants' counsel asked the witness a number of questions in regard to what the Bennetts said to him at the time they went with him to the place where the property was, and showed it to him, as to how they came by the property.

Franklin Bennett, one of the defendants, being called as a witness for the defence, was asked to state what conversation he had with Hanna, if any, accompanying the finding of the harness and horses, as above stated, his counsel offering to prove that at the time Hanna came to Bennett's house, the latter took him and showed him the harness and horses in question, and told him how he came by them, all of which questions and offer of testimony the court excluded and defendants excepted. In this there was error.

The having of the property in the defendants' possession was an act, and it was introduced in evidence as making against the defendants.

What they said at the time of such finding of the property in their possession, explanatory of the possession, were declarations concomitant with the act, and admissible in evidence as part of the *res gestæ. Comfort* v. *The People,* 54 Ill. 404; 1 Greenlf. Ev. sec. 108.

We regard it as the well settled rule, that what explanations a person makes while in the possession of stolen property, at the time of the finding it in his possession, is admissible in evidence, as explanatory of the character of his possession. But, as said in *Comfort* v. *The People,* while such declarations are admissible, the jury are not required blindly to receive them as true, but are to weigh them and consider whether they were made in good faith and were true, or only for the purpose of self-exculpation.

It may be suggested that inasmuch as the defendants were witnesses in their own behalf, and testified as to how they

came by the possession of the property, the error of the exclusion of the testimony was thereby obviated. What was said on the subject at the time the defendants were surprised with the finding of the property in their possession, might weigh more with the jury than the account given on the trial, after there had been full time and opportunity to concoct a favorable story. And the defendants should have been permitted to testify to what they said at the time of such finding. They were entitled to have given in evidence their declarations made at that time in regard to their possession of the property. And we can not say they did not suffer harm from the exclusion of such declarations, although they testified at the trial in regard to their possession of the property.

For the error indicated, of the exclusion of evidence, the judgment must be reversed and the cause remanded.

*Judgment reversed.*