No. 17,382.

## GOODMAN v. THE STATE.

CRIMINAL LAW.—*Joint Prosecution for Larceny and for Receiving Stolen Goods.*—There is no error in prosecuting jointly under different counts of the indictment, both those who stole the property and him who received it, knowing it to have been stolen.

SAME.—*Receiving Stolen Goods.*— *When Jury May Draw the Inference of Knowledge that the Property was Stolen.*—For facts and circumstances sufficient to warrant the jury in inferring that the defendant knew that the property was stolen, see opinion.

ASSIGNMENT OF ERRORS.—*Instructions.—Joint Assignment.*—A joint assignment that the court erred in giving certain instructions is unavailing unless all of such instructions are erroneous.

From the Madison Circuit Court.

*H. D. Thompson, E. B. Goodykoonts* and *G. M. Ballard,* for appellant.

*W. A. Ketcham,* Attorney-General, *M. Moores,* for State.

HOWARD, J.—The appellant was convicted of receiving stolen goods. The indictment was in two counts. In the first count the appellant and two others named were charged with stealing a valuable Jersey calf. In the second count the appellant was charged with receiving the said Jersey calf, knowing the same to have been stolen by the two other parties indicted with him in the first count. The verdict of conviction was under the second count of the indictment.

The errors assigned and discussed by counsel call in question the correctness of the action of the court in overruling the motion to quash the indictment and each count thereof, and also in overruling the motion for a new trial.

It was not improper to charge the appellant in one count with stealing, and in another with receiving, the

stolen property. Section 1817, R. S. 1894 (section 1748, R. S. 1881). Neither was there any error in prosecuting jointly, under different counts of the indictment, both those who stole the property and him who received it, knowing it to have been stolen. *Redman* v. *State*, 1 Blackf. 430; *Keefer* v. *State*, 4 Ind. 246.

To establish the guilt of appellant under the charge of receiving stolen property, it was necessary for the State to prove (1) the larceny by some person; (2) the receiving of the stolen property by the appellant; and (3) that the appellant knew at the time of receiving it that the property was stolen.

No serious question is made, as we understand, as to the first two points. The property was a small un-weaned calf, owned on a farm eleven or twelve miles distant from that of appellant, on which it was found. From the evidence, we think it very clear that it had not strayed, but was stolen by appellant's son and a confederate.

It is contended, however, that the evidence does not show that at the time it came upon appellant's premises he knew that it had been stolen. We have read the evidence carefully, and are satisfied that the circumstances detailed were such as to justify the jury in inferring such guilty knowledge on the part of appellant.

Goods of various kinds, apparently stolen, had been found at different times secreted in appellant's house and about the premises, by one of his sons and by other persons undisclosed.

While appellant denied knowledge of how these goods came to be where they were found, yet we think the jury, from all the facts in the case, might reasonably decide against his evidence.

Evidence was given tending to show that a horse, stolen from a man in Illinois, had been found in posses-

sion of appellant, and that he had some knowledge that the horse was stolen by a suspicious character who staid occasionally at his house.

This evidence was competent and might be taken into consideration by the jury in determining whether, in the present instance, the appellant had knowledge that the calf was stolen. *Turner* v. *State*, 102 Ind. 425, and cases there cited.

There was also evidence tending to show that the calf was shut in, back from the highway, and was kept in such a manner that the jury might infer that there was an effort on the part of appellant to keep it concealed.

In addition, the evidence seems to show pretty clearly that appellant took no pains to inform his neighbors or the public of the presence of the calf on his premises. This, too, notwithstanding the circumstance that no Jersey stock was owned in that neighborhood, and that it would, therefore, appear remarkable that so young a calf should have strayed upon his premises.

From evidence thus adduced, we think the jury might find, as they did, that appellant knew that the property was stolen. See Gillett Crim. Law, section 558, and notes.

The remaining questions discussed in arguing in favor of the motion for a new trial, we think are covered by what we have said as to the sufficiency of the evidence. The evidence objected to by appellant was introduced for the purpose of showing facts which tended to prove that in receiving the stolen property he must be held to have had knowledge that it was stolen. The character of parties that frequented his house, including certain of his own children, was such as to put him on inquiry as to any property brought by any of them upon his premises.

The assigned error, that the court gave "instructions No. two (2), four (4), nine (9), eleven (11)," presents no question, as often decided, provided any one of such instructions is correct.

We think there is no available error in the record.

The judgment is affirmed.

Filed Feb. 26, 1895. Petition for rehearing overruled April 30, 1885.