## No. 803.

### STATE OF LOUISIANA *v.* LOUIS ALLEMAND, et als.

| 25 | 525 |
| 45 | 1044 |

| 25 | 525 |
| f117 | 490 |

An indictment charging that defendants received the property stolen with a felonious intent knowing the same to have been stolen at the time, is in sufficient conformity with the statute.

It is a rule of court, long since established, that unless personal service has been made upon a witness, no attachment to compel his attendance will be granted.

No postponement or continuance will be granted unless accompanied by proof of due diligence.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Morgan,* J. Criminal case. *G. W. Hudspeth,* District Attorney, appellee. *B. A. Martel, F. Perrodin, G. H. Wells,* for defendants and appellants.

LUDELING, C. J. The defendants were convicted and sentenced for having feloniously received stolen goods, etc.; and they have appealed.

During the course of the trial they took bills of exceptions to the rulings of the judge; and in this court they have made the following assignment of errors, to wit: That the indictment does not charge them with the commission of any crime or offense known to the laws of the State; That the motion in arrest of judgment, based on the objection above stated, was improperly refused; that their motion for delay to procure the attendance of witnesses was incorrectly refused; that the sentence of judgment was erroneous, because it avers that defendants were

found guilty upon an indictment charging them with receiving stolen property, knowing the same to have been feloniously stolen, etc., whereas the indictment did not so charge, and it was absolutely necessary that said indictment should have so charged in order to sustain any conviction or sentence thereunder.

The first, second and fourth grounds of the assignment of errors are substantially the same—that the indictment was fatally defective in not stating that the defendants received the property feloniously taken or stolen. The charge in the indictment is, that defendants " unlawfully and feloniously did receive and buy a cow. of a red color," etc.; " they, the said Charles Allemand, Louis Allemand, and Joseph Allemand, then and there, well knowing that the aforesaid cow had been taken, stolen, carried away and killed, contrary to the form of the statute," etc. The object of an indictment is to advise the party accused of the charge against him, to enable him to prepare his defense, and to enable him to plead *autre fois* acquit or convict in any subsequent proceedings against him for the same offense.

In the second count of the indictment, under which they were convicted, they are charged with the crime of having feloniously received stolen property, knowing the same to have been stolen.

It is true, as contended for by defendant's counsel, that an indictment, under a statute, ought with certainty and precision to charge the defendant to have committed the acts under the circumstances and with the intention mentioned in the statute. This, we think, has been done in this case. It charges that defendants received the property, with a felonious intention, knowing the same to have been stolen at the time.

The ingredients of the crime, to wit : the act, the circumstances and intent constituting it, are stated ; that is, the act of receiving the stolen property with a felonious intent, and with a knowledge that the same had been stolen. This, we deem, was all that was necessary. We do not think that any useful purpose could have been subserved by the use of the tautology contended for by defendant's counsel, in charging that the accused feloniously received property feloniously stolen, knowing it to have been feloniously stolen. Nor do we think the jurisprudence of this State requires it. See 24 An. 494.

The ruling of the court refusing an attachment for the witness Gomez, was correct. The judge *a quo* assigned the following reasons in the bill of exceptions : " That it was a rule of court long since established that unless personal service had been made upon a witness, no attachment to compel his attendance would be granted by the court; that the defendant, in common with all other parties against whom indictments had been found, or informations filed at previous terms of court, had been warned from the bench, and by proclama-

tion of the sheriff seven days previously, that their cases would be called for trial on the following Monday, and that no postponement or continuance would be granted, unless accompanied by proof of due diligence; that when such announcement was made, due diligence should have prompted them to have made examination as to whether their witnesses were properly summoned, and in default of their attendance when summoned, to have caused attachments to issue returnable on the day indicated for trial, and to have had subpenas issued for such as had not been properly summoned. Neither of which precautions was taken by defendants, and accordingly they had failed to exercise due diligence. And the judge *a quo* further assigned as reason for refusing the delay that the witness was a neighbor of the accused, and with ordinary diligence defendants could have had him present, and that, in his opinion, the application was for delay only. We think the reasons of the judge good. 1 Greenleaf, p. 451, §§ 315, 319.

Another bill of exceptions was taken to the refusal of the judge *a quo* to grant a temporary postponement of the trial of the case, or for *alias* (new) compulsory process against the witnesses Octave Gary and Nicholas Gary. The reasons of the judge *a quo*, stated in the bill of exceptions, are, because, at a preceding term of the court, holden in January, 1873, the defendants had, on their own motion, obtained a continuance, and had taken out compulsory process to compel the attendance of the witnesses named in this bill of exceptions; that said processes were made returnable on the first day of the next term of court, to wit: twenty-eighth April following; that the judge then warned the accused that they must use due diligence to have their witnesses present at the next term, and be ready for trial; that at the April term of the court, on the first Monday of the month, the judge *a quo* announced from the bench, and caused the announcement to be made by the sheriff that all causes in which indictments had been found, or information filed at preceding terms of the court, were fixed for trial on the following Monday, and that all such accused must be ready for trial, or show legal cause for a continuance; and on the day thus fixed for the trial, when the case was called for trial, the aforesaid application for a postponement of the case and for new process was made.

We agree with our learned brother of the District Court that the defendants had not used due diligence, and that the application should have been refused.

We have not been able to discover any error in the rulings of the District Court.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs of appeal.