State vs. Celestin.

## No. 11,946.

STATE OF LOUISIANA VS. AZEMA CELESTIN.

An accused person is entitled to compulsory process to force the attendance of his witnesses, but where after having been duly subpœnaed some of them failed to appear, he has not, by reason of that fact, an absolute right to have the trial of the case postponed or continued until after they should have been attached. The court has the right, before postponing or continuing the case, to be informed as to the materiality, relevancy or necessity of the testimony, which would be sought to be elicited through them.

A person seeking to obtain the reversal of the verdict of a jury and the judgment of a court on appeal should place matters before the Appellate Court in a shape such as to satisfy it that there has been injury as well as error.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Perrault, J.*

*M. J. Cunningham*, Attorney General, and *E. B. Dubuisson*, District Attorney, for Plaintiff, Appellee, cites 4 An. 441, 33 An. 679, 1344.

*John N. Ogden* and *C. W. DuRoy* for Defendant, Appellant.

Submitted on briefs January 11, 1896.
Opinion handed down January 20, 1896.

The defendant convicted of larceny and sentenced to the penitentiary for thirteen months, relies for a reversal upon grounds set forth in a bill of exception, in which it is recited that the cause being called for trial, five witnesses, Emanuel Jim, Ambrose Polite, Octave Stevens, John Richard and Etienne Fuselier, were absent, of which the last four had been personally served, the return reading thus: "I have learned from different parties that the within named Emanuel Jim is no more of this parish, but of the parish of Rapides. (Signed) S. Fontenot, Dy. Sheriff;" that the accused asked for attachments against the last four mentioned, and for a new subpœna for the first, stating that as for the first witness he could by affidavit show that he was living in St. Landry parish and could point out the place; that the District Attorney, in order to coerce a trial, asked accused

to disclose what he expected to prove by these witnesses, in order to state whether he would admit that if present they would swear to the facts; that accused objected to this disclosure at this stage of the proceeding, for the reason that no motion had been made for a continuance and that according to law this could be the only and proper time to call for the application of Act 84 of 1894, which objection was overruled for the following reasons, viz.: (1) Because the witness, Emanuel Jim, could not be found after diligent search, as shown by the return of the sheriff; (2) Because the District Attorney, to avoid delay or continuance, admitted that the witnesses, if present, would swear to the facts which they were called to prove, which admissions were made to the jury, and moreover testified to by defendant as a witness in his own behalf; (see Act 84 of 1894; State vs. Primeaux, 39 An. 673; State vs. Hillstock, 45 An. 298); (3) Because no injury resulted to defendant by trial after admissions were made by the State and his own testimony heard, and because in the opinion of the court the motion was made for delay and not to obtain substantial justice, the case having been already fixed for trial at the same term for the 7th, 16th and 19th of October, 1895. At the foot of the bill it is stated: "To all of which rulings defendant excepted and tenders this bill, which was read and signed before judgment."

Defendant further contends that in forcing him to disclose the facts which he expected to elicit from the absent witnesses at the particular time and under the particular circumstances he was forced to do so, and in permitting the District Attorney to make the admissions he did, and in consequence thereof refusing to issue attachments for four of the absent witnesses and a new subpœna for the other witness, who could not be found, the court violated his legal rights and was not justified in its course by the provisions of Act No. 84 of 1894; that before they could apply, by the very terms of the act there must be an existing application for a continuance and an existing affidavit accompanying the same. He denies that he applied for a continuance.

Counsel for the State contends that the judge properly refused the subpœna, because the return of the sheriff showed that the witness could not be found after diligent search; that the attachments were properly refused because the District Attorney admitted that they would testify to the facts which they were called to prove; that

18

their admissions went to the jury and were corroborated by the defendant himself on the stand; that if accused attached any importance to the testimony of the absent witnesses he should not have allowed the admissions by the District Attorney nor testimony of the accused in support thereof.

The opinion of the court was delivered by

NICHOLLS, C. J.   Act No. 84 of 1894, to which reference is made in the bill of exception, declares that in all criminal cases, whenever either the State or the defendant ask for a continuance on the ground of the absence of an important or material witness, the other shall be entitled to an immediate trial on admitting that if said absent witness were present he would testify as stated in the affidavit made for a continuance, but in no case shall either the State or defendant be required, in order to get a trial, to admit that the statements made in the affidavit for a continuance are true, but that the provisions of the act should in no way interfere with the trial judge's discretion to grant a continuance on other grounds.

If, on the day the case was called for trial, the court, in the exercise of its judicial discretion, could have properly refused to issue a new subpœna for the witness Emanuel Jim and attachments for the other four witnesses and ruled the accused to trial, we do not see that an admission made by the District Attorney that those witnesses would, if present, swear to the facts which defendant declared were those which he proposed to prove by them, would prejudice him; on the contrary, he would have gone to trial with an admission in his favor, which he would not have had had the prosecuting officer thought proper not to make it.   He intimates, however, that the court forced him to disclose the character of his evidence, but we know of no way in which he could have been coerced in the matter. All that he had to do was to remain silent, refuse to make a disclosure and to stand on his legal right (if such he had) to have the witnesses subpœnaed and attached before going to trial and reserve a bill to the court's ruling adversely to him as to that right.   We must hold his making a statement in regard to what he proposed to show by his witnesses as having been made by him in his own supposed interest, when he ascertained that the subpœnaes and attachments were or would be refused.

The forcing of a disclosure and the making of a continuance or a

postponement of a case dependent upon a knowledge of the reasonableness and materiality of the grounds assigned for the same are distinct matters.

The real ground of complaint should have been predicated upon the refusal of the court to issue the subpœna and attachments and proceeding at once with the trial.

If the court acted improperly and to the defendant's prejudice in these regards, there would be no necessity to look beyond this in order to grant him relief.

The question then is whether the defendant was legally entitled to have the subpœna and attachments which he asked for, and the case postponed (if not continued) until they could be acted upon.

With respect to the subpœna, we think it appears from the bill of exception that counsel, in reciting the sheriff's return thereon, gave only a portion of the same, and that the balance of the return must have shown the various steps taken by the sheriff to make service. The steps must, in the opinion of the court, have been sufficient to show that further attempts would be useless. The return is not before us.

The bill of exception states, relative to the four witnesses whom defendant desired to have attached, that they were served personally. We presume that defendant claimed under that condition of things, as an absolute right, that they should be attached and matters held in abeyance until action had been taken thereon. We understand him to claim that the court refused to recognize that right and insisted, as a condition of attaching the witnesses and giving further delay, that it should be informed as to what the accused proposed to show by the witnesses; and that thereupon accused announced the facts he expected them to establish, and upon this announcement, the District Attorney admitted that, if they were present, they would swear to the facts stated; that the court, upon this admission being made, declined to order attachments and ordered the case to proceed.

The only decision we have found which would in any way support defendant's contention that the court should have issued orders for attachments and held the case up temporarily, solely by force of the fact that the accused had named certain parties as witnesses in his behalf, and they had been served personally with a summons to attend the trial, without reference to any declaration or statement as

to what the witnesses were expected to prove, is that of the State vs. Boitreau, 31 An. 190, in which the court said: "When to procure the attendance of witnesses, the prisoner has in proper time ordered subpœnas to issue, he can not be compelled to issue attachments, swear to the facts which he intends to prove by them, or go to trial in their absence, until an earnest and fruitless attempt has been made to bring them in court."

We do not find from an examination of that case that defendant's ground of complaint was that the court had forced him to make a disclosure of the nature of the testimony which the absent witnesses expected to give. On the contrary, the nature of that testimony was voluntarily disclosed in an affidavit made for a continuance, but the court none the less forced the accused to trial, evidently on the ground that he had not used due diligence and that the negligence of the sheriff in not making service was to be imputed to them. This court held otherwise, and finding that the evidence expected to be elicited was of an important character, it set aside the verdict and judgment.

As a matter of course, if an accused party has taken all legal precautions and used all due diligence to procure his witnesses, and the sheriff has failed to take any steps to make service, defendant, independently of any question of what the witnesses would prove, would be entitled to have service made. He is entitled to compulsory process for his witnesses, but when process havin r been duly served and some of the witnesses having failed to respond, the accused seeks a continuance or postponement of the trial, the right of the court to be informed as to the materiality, relevancy or necessity of the testimony to be elicited, with a view of testing the propriety of the application, has constantly been recognized. State vs. Bradley, 6 An. 556; State vs. Brette, 6 An. 653. The court declined to issue the attachments in this case, evidently as connected with the postponement of the trial. State vs. Johnson, 47 An, 1225.

Were we to concede to an accused party an absolute right to continue or postpone the trial of a cause until the parties whom he had caused to be subpœnaed had be n attached, we would open wide the door to fraud, collusion and interminable delays. All that a defendant would have to do to control the trial of a case would be to have names placed on the witness list, whether the parties named knew anything of the facts or not, with an understanding with some of

these parties that they would not obey the summons of the court.

In State vs. Benjamin, 7 An. 47, this court said where an attachment against an absent witness on account of her condition was refused and the accused fails to apply for a continuance, no relief could be given in the Supreme Court.

In the case at bar no exception was taken to the refusal of the court to have a subpœna and attachments issued. Counsel in his brief denies that accused ever applied for a continuance. The objection actually urged is that the court coerced him into a trial upon an admission by the District Attorney that defendant's absent witnesses would, if present, swear to the facts which he declared he intended to prove by them. The court does not place its refusal to have the witnesses attached exclusively on the ground of this admission. The court, among other grounds for its action, declares that in its opinion the motion was made for delay and not to obtain substantial justice, the case having been already fixed on the 7th, 16th and 19th of October, and because no injury resulted to defendant by trial after admissions were made and his own testimony was heard. This latter ground did not develop until after the court's ruling, but there is nothing in the record to showed that accused had intimated to the court that the testimony he sought to elicit was not procurable from the witnesses actually present.

As the case is presented to us, it is an appeal to us to set aside a verdict without any showing of injury received by the accused. Appellant has not brought us to a knowledge of what he expected to have shown by the absent witnesses. For aught we know, the matters in respect to which they were interrogated, were of the most trivial character, matters which would have had no influence whatever upon the verdict.

In State vs. Brette, 6 An. 662, Mr. Justice Preston said: "In civil cases it is well settled that error of law in the progress of a trial shall not affect the judgment, unless we can clearly see that it has produced substantial injustice. There is no reason why the same rule should not be followed in criminal cases. * * * It is necessary to know precisely what was the testimony sought in order to judge whether the case should be remanded to obtain it."

We find no reason to set aside the verdict and judgment.

The judgment appealed from is affirmed.