No. 12,624.

STATE OF LOUISIANA VS. MACK LEE.

Act 84 of 1894 is constitutional and valid to the extent that it provides that the State may coerce the trial of the cause by making the admission that if the witness named in the affidavit for a continuance were present he would testify to the truth of the statement contained therein.

A PPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Dupré, J.*

*M. J. Cunningham*, Attorney General, and *R. Lee Garland*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*Chas. W. DuRoy* for Defendant, Appellant.

Submitted on briefs December 4, 1897.
Opinion handed down December 28, 1897.
Rehearing refused January 10, 1898.

The opinion of the court was delivered by

WATKINS, J.   The defendant was indicted for the crime of shooting with intent to commit murder, found guilty of shooting with intent to kill, and sentenced to imprisonment in the penitentiary for a term of two years, and from that judgment he prosecutes this appeal.

The only ground on which he seeks relief is the alleged unconstitutionality of Act 84 of 1894.

The record discloses that the defendant's counsel applied for a continuance on account of the absence of a material witness, and that the trial judge refussd to grant the application ·'because the State offered to admit that if said witness were present she would .testify as stated in the affidavit for continuance, agreeably to the provision of Act 84 of 1894."

The contention of defendant's counsel is that he has been deprived of a constitutional right by being forced to trial without the personal presence of his material witness.

It is conceded on the other side that the defendant used due diligence to obtain the attendance of said witness and that his testimony was competent and material to his defence.

The proposition insisted upon by defendant's counsel is that the Constitution guarantees the right to an accused to have the *personal presence* of his witnesses and that the State must admit the *truth* of the statement made by the accused in his application for a continuance in order to compel him to go to trial without his witnesses being present.

Inasmuch as Act 84 of 1894 provides that in such case it shall only be necessary for the State to admit that the witness if present would testify to the facts which are set forth in the affidavit for contin-

uance, counsel for accused assign the unconstitutionality of said act as being in contravention of Arts. eight (8) and nine (9) of the Constitution.

The provisions of the statute are plain and unambiguous and must control decisions of this court, unless same are found to be in conflict with the precepts of the Constitution.

And the unconstitutionality of the statute being the ground assigned for the defendants' relief, our decision must be restricted to it alone, and consequently no useful purpose will be subserved by the citation of authority from text-books or that of adjudicated cases, with repect to the general principles of the criminal law—the provision of our statute controlling the principles of the common law.

Article 8 of the Constitution provides as follows, viz. :

" In all criminal prosecutions the accused shall enjoy the right to be informed of the nature and cause of the accusation; *to be confronted with the witnesses against him;* to have compulsory process for obtaining witnesses in his favor, and to defend himself and to have the assistance of counsel, and to have the right to challenge jurors peremptorily, the number of challenges to be fixed by statute (Our italics.)

That provision of the Constitution guarantees to an accused person the right "to be confronted with the witnesses *against* him;" but similar provision guaranteeing the presence of witnesses to be heard in his favor seems to have been omitted *ex industria*.

Inasmuch as the unconstitutionality of the aforesaid statute rests upon its supposed incompatibility with the article cited, the contention is manifestly groundless.

A similar question arose in State vs. Pruett, 49 An. 283, and thereupon the court speaking through CHIEF JUSTICE NICHOLLS, after citing the authorities, said:

" We are unwilling to pass upon the constitutionality of a statute unless imperatively required to do so.    No such necessity exists in the present case.    We content ourselves with saying, for the present, that the law is at least in derogation of common right, and that recourse to it should be avoided, if possible. "

But the contingency has arisen in this case rendering a decision of the question of the unconstitutionality of that statute necessary.

It is squarely presented.    It was presented to the trial judge, and he maintained the constitutionality of the statute; and the accused

retained a bill of exceptions to his ruling, and upon that bill he rests his claim to relief, exclusively.

Applying the statute to the constitutional test, we have reached the conclusion that it is valid in so far at least as the objection which the counsel of the accused has urged against it; and that is sufficient for us to decide in this case.

Judgment affirmed.