Statement of Case.
NIOHOLLS, J.
The defendant, after unsuccessfully urging an application for a new trial and in arrest of judgment, appeals from the verdict of a jury which found him guilty of having violated section 791 of the Revised Statutes in having cut with a dangerous weapon, with intent to murder. The jury recommended him to the mercy of the court.
During the progress of the trial six bills of exception were taken exclusive of the bills taken to the overruling of the application for a new trial and the motion in arrest of judgment.
The points covered by these bills were presented in succinct form on the motion for a new trial, viz.:
(1) The refusal of the court to quash the venire.
(2) The refusal of the court to grant compulsory process to bring the witnesses of accused to court.
(3) The refusal to instruct the district attorney to place on the stand one Henry Baldwin who had been subpoenaed by the state.
(4) As set forth in arrest of judgment that the information does not describe the character of the weapon used.
Appellant filed in the Supreme Court the following assignment of errors:
(1) The court erred in refusing to quash the jury venire from which the jury that tried and convicted defendant was drawn, as will appear by bill of exceptions No. 1, it appearing that the said jury venire was drawn by persons who pretended to draw as jury commissioners, but who, in fact, were not jury commissioners; they never having qualified by taking the oath required by Act *479 No. 135, p. 216, of 1898, as amended by Act No. 58, p. 136, of 1904; and therefore that when he was forced to trial by a jury thus drawn and convicted by such a jury, he was deprived of his liberty without due process of law, and such a trial by such a jury is violative of the Constitution and laws of the state of Louisiana, and of the amendment to article 5 of the Constitution of the United States.
(2) The court erred in refusing the compulsory process of the court for obtaining the witnesses of your defendant herein, as will appear by bills of exceptions Nos. 2, 3, and 4; which refusal was in violation of the Constitution of the state of Louisiana and of the United States, and especially of Amend, art. 6, of said Constitution, which guaranties to every citizen the right to be confronted by the witnesses against him, and to have the compulsory process of the court to secure the attendance of witnesses in bis favor.
(3) The court erred, as will appear by bill of exceptions No. 6, in refusing to require the district attorney to call the witnesses to the res gestae, and to place them upon the stand for examination; that the statutes of the state of Louisiana adopt the common-law mode of procedure in criminal cases, and under the common law, it is the duty of the state to call all the witnesses to the res gestae, and that the failure o*f the district attorney to call such witnesses, and the refusal of the trial judge to force him to call such witnesses, is to convict your defendant and deprive him of his liberty without due process of law, which is violative of both the Constitution of the state of Louisiana and Amend, art. 5, of the Constitution of the United States.
(4) The court erred, as will appear by bills of exceptions Nos. 5, 7, and 8; all of which errors are prejudicial to the rights of the accused herein, and should be passed upon and corrected by your honorable court,, and that the sentence herein should be annulled and set aside, and a new trial granted your defendant herein.
And for which your defendant accordingly prays.
In the second bill of exception it is recited that when the case was called for trial the state announced its readiness for trial. The-defense asked to have its witnesses called when it was found that one Short Anderson was absent. Upon an examination of the return of the sheriff, it was found that he had been served by leaving a copy of the subpoena at his domicile. The defendant asked for an attachment to secure the attendance of the witness, but the court refused to issue the attachment because it was a rule of the court that no attachment will issue unless there is personal service; whereupon the defendant objected and insisted that the attachment be issued and the court refused and to the ruling of the court to issue the same defendant excepted.
The per curiam to the bill states that when the case was called for trial the defendant asked that the witnesses be called when it was found that Short Anderson was absent. The sheriff’s return on the subpoena showed that he had endeavored to summon the witness personally; he not being at home, a legal domicile service was made.
The defendant asked for a continuance on the ground that Short Anderson was absent, a witness for the defense, the defense alleging due diligence. The state objecting to the continuance, the court ruled that the defendant must make the proper showing. To which ruling defendant’s counsel excepted and reserved a bill. The counsel then asked the court to issue a subpoena for the absent witness, order its officers to make a personal service thereon, and that the cause be continued until such time as return could be made on said summons. The state object *481 ing to the continuance, the court expressed its willingness to order the summons to issue as required, but refused to continue the case without a proper showing being made, to which ruling counsel also excepted and reserved a bill. The counsel for defendant then asked that an attachment issue for the absent witness and that there be a delay until service could be made upon the same. The state objecting thereto, the court refused to order the attachment to issue the return on the subpoena showing a domicile service. The state having insisted upon the case going to trial, the court ordered the defense to go to trial unless a formal application for a continuance be filed.
After excepting and reserving bills, the counsel for defense filed a written application for a continuance, to which the state objected. The application was argued and submitted and the court ruled that a continuance should be granted, unless admitted that the absent witness would testify to the facts as stated in the application for a continuance. The state made the admission, and the court, ordered the trial to go on as would appear by the minutes of April 12th, which were taken down at defendant’s request at the time these motions were made. The case was tried and the evidence of Short Anderson, as contained in the motion for continuance, was read to the jury. The defendant had the benefit of the process of the court. The witness was summoned by a domicile service; the only service that the sheriff could make under the circumstances, the witness being absent and as shown afterwards by the written motion for a continuance absent across Grand Lake. Under such circumstances the court had the right before postponing or continuing the case to be informed as to the materiality, relevancy, or necessity of the testimony sought to be elicited through this witness. State v. Bradley, 6 La. Ann. 554-556; State v. Celestin, 48 La. Ann. 272, 19 South. 119.
This case has been postponed twice before during the term of court — once because it was ascertained that the defendant was absent at work in the swamp “across Grand Lake” and the district attorney, rather than forfeit his bond, reassigned the case. Besides the. court did not force him to go to trial without the benefit of his absent witness. The court sustained his written motion for a continuance unless the state admitted that the absent witness would swear as stated in the motion. The district attorney had a right under Act No. 84, p. 117, of 1894 to admit that the witness, if present, would swear to the facts stated in the motion, and insist that the trial go on.
The admissions were read to the jury. They were corroborated by the defendant on the stand, and, at least, in part by one other witness, defendant’s brother.
If the trial courts must continue cases under circumstances as shown herein, there would be no end to the delays resulting therefrom.
1 In bill No. 3 it is recited that when it appeared on the call of the witnesses that his witness Short Anderson was absent, he asked the court to issue an attachment, and the court having refused to do so on the ground that the witness had not been personally served and no attachment, the defendant having reserved a bill to this ruling, asked the-court to issue a subpoena for said witness,, and asked that the case be postponed until! such time as said witness could be summoned personally and be forced to attend court; the said witness being a resident of Foster Post office, and residing about five miles from Franklin where the court was holden, and asked that the case be postponed until this service could be made. Whereupon the court stated that it would order the subpoena to issue, but would not delay the case. To *483 which ruling of the court, defendant excepted, and reserved a bill.
In his per curiam the judge states that his reasons for action complained of were fully given in bill No. 2, which he adopted and made a part of bill No. 3; that in this bill, counsel states that he asked for an attachment first, and then asked for a new subpoena, but this statement was . not correct; that the new subpoena was asked for first, is shown in minutes of court, April 12th. .
Bill No. 4 recites that when, on the call of the witnesses, his witness Short Anderson was shown to be absent, defendant asked for an attachment for the witness, and the .court refusing to grant an attachment as would appear by bill No. 2, defendant asked for a subpoena and delay for same to be served, as would appear by bill No. 3, the court then notified the defendant that unless he made a legal showing by motion and affidavit for continuance that he would be forced to trial. Whereupon defendant objected to being forced to make "i formal application for a continuance, and to being forced to trial without his witnesses, the law authorizing him and guarantying him the presence of his witnesses upon the trial of his case; but, being thus required to make the motion and affidavit, he did so, reserving the full benefit of his exceptions, and reserving a bill to the ruling of the court in forcing him to make a formal motion for a continuance.
In his per curiam to this bill the judge states that the reasons assigned by him in bills Nos. 2 and 3 covered the objections set out in bill No. 4, and the objections in bill No. 4 should have been included in one bill. When the state objected the court ruled that the defendant should make a showing under the law. In his statement of facts in this bill, defendant is not altogether ingenuous and correct. For instance, he states that he objected to being forced to go to trial without the witnesses. Counsel knows that all his witnesses were present except one “Short Anderson,’’ and that the district attorney admitted that if said witness were present he would swear to just what the motion for continuance stated he would swear to.
Defendant filed a motion for a new trial' for the following reasons :
(1) That the indictment does not describe the character of weapon which it is averred was used by him in committing the offense charged.
(2) For the reason that he was forced to trial without the presence of his witness Short Anderson; the said witness being absent without any fault of your defendant, and that it was impossible to make his defense as complete with said witness absent as if he had been present.
That in the trial of the ease he was not informed as to what the state’s witnesses would swear, and therefore he was not prepared to set up fully in his application for a continuance what the said witness would testify with reference to the ease.
(3) That the counsel for the state, or counsel representing the state when he closed the evidence for the state, failed to place upon the stand one Henry Baldwin, who was shown to be an eyewitness of the transaction and in fact the nearest person to the prosecutor at that time. Defendant then requested the court to require the state to call said witness Henry Baldwin; it having been shown that he was present during the entire difficulty. That the counsel for the state informed the court that he proposed to save said witness for rebuttal; but when your defendant had introduced his evidence, the said witness was not called for rebuttal, but the evidence of defendant was attempted to be rebutted by the prosecuting witness Louis Caffery, and another witness, both of whom had been sworn by the state in presenting its case in chief, and that it was then too late for him to avail himself of the evidence of the said Henry Baldwin.
*485 That the verdict of the jury was contrary to the law and the evidence. He shows that if he is granted a new trial and all the evidence is heard he will be able to make good his defense.
The motion for a new trial was overruled.
Opinion.
The motion to quash the venire was properly overruled.
The contention that the oath of the jury commissioners should have recited that they would faithfully discharge “the duties imposed upon them by Act No. 135, p. 216, of 1898,” has no merit. In the oath administered to them they swore that they would support the Constitution and laws of the United States and the Constitution and laws of this state, and that they would faithfully and impartially discharge and perform all the duties incumbent upon them as jury commissioners for the parish of St. Mary, La., according to the best of their ability and understanding, so help them God.
The oath so administered was that required to be taken by all officers, to which was added a special oath to discharge and impartially perform all the duties incumbent upon them as jury commissioners for the parish of St. Mary.
This oath carried with it as a necessary consequence the obligation to discharge and perform the duties incumbent upon them by the act of 1898. There was no necessity for mentioning that particular act.
That portion of the motion to quash the venire, which was based upon the claim that the meeting of the commissioners was too late, is met by the statement of the judge that—
“The meeting was within 30 days after they had qualified, and, besides, that it was not sufficient to allege fraud and injury; they should be shown to exist, and they had not been shown here either by proof or by inference.”
The ruling of the court on the particular objection referred to, was correct. The averments of the motion were not such as under the fifteenth section of Act No. 135, p. 223, of 1898 would have justified the setting aside of the venire. The allegations of the motion were “that to force him to trial with a jury drawn by persons who did not take the oath prescribed by law, and were not legally qualified as jury commissioners, and who further violated the law by not summoning a jury in the manner and at the time provided by law, would be the inflicting of a great fraud and wrong upon him, and a great fraud had been committed in the selecting and summoning of the jury which will work an irreparable injury upon him if he is forced to be tried by said jury.”
We have just held that the jury was properly qualified. What fraud or injury had been or would be committed in the premises is not easily perceived.
The contention that it is reversible error for a trial court when required so to do not to compel the state’s attorney to call all the eyewitnesses to the transaction to the stand as witnesses when one is charged with “murder” or “cutting with intent to murder,” is not tenable. The same point was raised and passed upon adversely in State v. Williams, 30 La. Ann. 842. That decision has been subsequently affirmed by this court. It is true that a state officer, having knowledge of the fact that certain parties (whom he believes to be credible and reliable) were eyewitnesses to a fight, whose testimony, if produced, would and should exonerate the accused, should not (for the purpose of obtaining an improper conviction) refuse and neglect to take into consideration and act upon such knowledge. This duty of the prosecuting officer is other and very different from a right in the accused to require that the district attorney should place all the witnesses to the transaction on the stand. That matter is one which district attorneys acting conscientiously in the *487 discharge of their duty must determine for themselves. So many reasons might exist (in the different cases occurring) where great wrong and a failure of justice would result from not leaving to prosecuting officers freedom of action in respect to the course which the nature of the case would require to be followed for the vindication of the law, that to barely suggest the result of the recognition of the right so broadly claimed by appellant carries appreciation of the necessity of rejecting it. It may be (as declared in the Williams Case) that some special case might justify special relief, but the present one no more than that case, calls for exceptional action.
The complaint of appellant that the court should have permitted the witness Caffery to prove that the instrument with which he was cut was a razor, over his objection that such testimony was inadmissible under the recitals of the indictment which did not describe the character of the weapon used, is not well founded. Objection of no kind had been made to the indictment. When the case went to trial the evidence was admissible to show the cutting; whether the weapon used was a dangerous one was for the jury to determine. The indictment followed the language of the statute. The weapon used was not named, but the cutting was alleged to have been done “with a dangerous weapon.” That matter was not one to be urged in a motion of arrest of judgment as was 'afterward done, but should have been urged in a motion to quash. Objections to indictments which may be remedied by amendment or cured by verdict should not be advanced in a motion in arrest. Clark’s Crim. Proc. § 186; State v. Summerlin, 116 La. 449, 40 South. 792.
Out of the order which it occurs in the transcript we think it proper to refer here to the comments of the judge in refusing the application for a new trial. Referring to that motion he says:
“While the evidence was conflicting as to one phase of the case there was no conflict whatever as to the guilt of the prisoner. In other words, if the jury had believed defendant’s witnesses only, their verdict could have been, under the law, no less than guilty of cutting with a dangerous weapon, with intent to kill. The witnesses for the state in tbeir testimony showed a willful and malicious cutting with a razor with intent to murder. The jury believed them as shown by their verdict and the court who listened attentively to all the evidence is firmly convinced that the jury has reached a just and correct verdict.”
We now direct our attention to what in last analysis is the real ground of defendant’s claim that he has been “injured” entitling him to relief. It is that, by the rulings of the court, he was deprived of his right of having had placed before the jury from his own mouth the testimony of the witness Short Anderson, and been forced to submit on paper his testimony to the jury under an admission by the district attorney that if he were present in court he would testify, as it was stated he would in the application for a continuance.
Pie contends that the effect of this condition of things was to cause his conviction, insisting that had Anderson testified in person in court, he would have so influenced the jury on his behalf that the result of the trial would have been different from that actually reached. His conclusion on that subject is entirely different from that of the district judge. The various complaints which defendant makes of having been “refused the benefit of compulsory process,” of having “been forced to make an application for a continuance” and “Subsequently forced to go to trial” were simply successive steps leading up to and causing the ultimate injurious act complained of. The proximate act or cause of injury, if any, was the placing of Anderson’s testimony befoer the jury through paper admissions, instead of having the witness himself testify in court. The other facts complained of were causes of the cause or steps leading up to and producing it. It is obvious when defendant com *489 plains of having been refused the benefit of “compulsory process” that he considers as “the compulsory process” which the Constitution refers to the proceedings taken against a witness to compel his presence in court when he had failed to appear after having had service of subpoena made upon him; but in this matter he is mistaken. While proceedings by attachment are compulsory in character they are not the process which is referred to in the Constitution as the “right to compulsory process.” The process referred to is “the right to demand subpoenas for his witnesses and a right to have those subpoenas served.” When he has been accorded those he has received the benefit of “the constitutional right to compulsory process.”
The right of the court to vindicate its authority and enforce - obedience to the subpoena, through attachment, is something distinct from this. An accused person is entitled to have an attachment issue, but only when the circumstances and conditions are such as to call for the writ. They have not-existed in this case. The constitutional right is referred to in Wigmore on Evidence, vol. 3, § 2191, and volume 4, § 2595; Rice on Evidence, vol. 3, § 188.
The defendant was granted a subpoena in the case before the court, and that subpoena was served, so that his position differs from that of Boitreaux, the defendant, in the case of State v. Boitreaux, 31 La. Ann. 188, and Fairfax, the defendant in the case of State v. Fairfax, 107 La. 624, 31 South. 1011.
In both of these cases the subpoenas had been issued, but neither had been served. Not only did the defendant in this case obtain a subpoena for Anderson from the court, but permission was given to issue an alias subpoena, of which privilege he declined to avail himself, unless coupled with a stay of proceédings until return had been made upon the same. The subpoena which had issued originally to Anderson not having been served personally, defendant was not under the rule of the court, entitled to have his attendance at court enforced through an attachment. The exception of defendant to the refusal of an attachment was not well taken. State v. Allemand, 25 La. Ann. 526; State v. Comstock, 36 La. Ann. 308. When defendant requested a postponement of his case after the “domiciliary service” of the supoena upon Anderson had been shown, the court had the right, before granting that request, to force him to make a proper showing. The action of the court, requiring him to do so, did not furnish good ground for an exception.
On defendant’s complying with the order to make a showing, the district attorney availed himself of the privilege accorded him by Act No. 84, p. 117, of 1894, of requiring an immediate trial by making the admissions demanded by that statute. The court thereupon ordered the defendant to go to trial. Defendant excepted, but the trial proceeded with the result of the defendant’s conviction. Appellant urges that the court had no legal right to force him to trial. There is no doubt that the court’s ruling was correct under the circumstances disclosed, unless the statute mentioned is unconstitutional. The unconstitutionality of the law is not pleaded, and in State v. Lee, 50 La. Ann. 9, 22 South. 954, and State v. Nathaniel, 52 La. Ann. 563, 26 South. 1008, its constitutionality was sustained. Wigmore on Evidence, vol. 4, § 2595, sustains that view. We think this case falls under that of State v. Nathaniel, 52 La. Ann. 563, 26 South. 1008.
Finding no legal ground for reversal, the judgment is affirmed.
PROYOSTY, J., dissents.
MONROE, J.
It does not appear to me that the defendant has been accorded the compulsory process for the obtention of his witness to which he is entitled.
I therefore dissent.