THE PEOPLE v. JAMES HARRIS, IMPLEADED, ETC.

*Criminal law—Concealment of stolen property.*

A charge of aiding in the concealment of stolen property, know-
ing it to have been stolen, in violation of How. Stat. § 9142,
is sustained by evidence showing that the respondent aided the
thief in converting the stolen property to his own use; citing
*People v. Reynolds,* 2 Mich. 422.

Error to Wayne. (Hosmer, J.) Submitted on briefs
November 17, 1892. Decided December 2, 1892.

Respondent was convicted of aiding in the concealment
of stolen property, and sentenced to the State prison for
4 years and 10 months. Conviction affirmed. The facts
are stated in the opinion.

*Hamilton Baluss,* for respondent.

*A. A. Ellis,* Attorney General, for the people.

MCGRATH, C. J. The information contained two counts.
The first charged defendant with the larceny of a horse;
the second, aiding in the concealment, well knowing it to
have been stolen. The jury found Harris guilty under the
second count.

It is insisted that the testimony tended to show that he
was guilty of larceny, but did not tend to show that he
was guilty of aiding in the concealment; and the case of
*People v. Partridge,* 86 Mich. 243, is relied upon. In
that case the testimony tended to show that respondent had
actually committed the offense charged in the first count,
and the offense charged in the second count was an assault

without intending to commit the crime charged in the first. In the present case, Harris was some miles away when the horse was actually taken, and the jury have undoubtedly found that he was not actually or constructively present when the crime was committed. 1 Whart. Crim. Law (9th ed.), § 927. But the proofs tended clearly to show that Harris knew that the horse was stolen; that he was actively engaged in assisting in the disposition of the horse; that he had represented to persons to whom he and his associate were endeavoring to sell the horse that they owned the horse, and, again, that his associate owned the horse, and that the horse was poor in flesh because his associate's children had been driving and caring for the horse; that, when arrested, he claimed to the sheriff that "we bought the horse," and, again, that his associate owned the horse.

The testimony clearly brings the case within the rule of *People v. Reynolds*, 2 Mich. 422, where, referring to section 9142 of the statute, making it an offense to "aid in the concealment" of stolen property, knowing it to have been stolen, the Court say:

"The evil intended to be guarded against by the enactment of that law was to prevent persons from rendering important, efficient services to a felon, in aiding him in the concealment of stolen property; and that aid must be deemed quite as important and efficient which would enable the principal felon to convert the stolen property to his own use, or which would enable him to remove the property beyond the reach of the owner, and thereby prevent its recaption, as if he had effected the same object by aiding and assisting him in depositing it in some place of secrecy. * * * Any disposition of the property which would have a tendency to conceal it from the observation of the owner is within the meaning of this law, and it cannot be presumed that the thief could convert the stolen property to his own use without using means to conceal it from the owner; therefore it will follow that the

charge of concealment may be well sustained by evidence tending to show that the defendant aided the thief in converting the stolen property to his own use."

The conviction is affirmed.

The other Justices concurred.