## WILEY GUNTER v. STATE.

No. A-3296.   Opinion Filed April 28, 1920.

. (189 Pac. 200.)

**RECEIVING STOLEN GOODS—Conviction—Sufficiency of Evidence.**
Possession of stolen property, supported by other incriminating
evidence and circumstances, is sufficient to warrant a judg-
ment of conviction.

*Appeal from District Court, Washita County;*
*Thos. A. Edwards, Judge.*

Wiley Gunter was convicted of receiving stolen prop-
erty and appeals. Affirmed.

*Richard A. Billups,* for plaintiff in error.

*W. C. Hall,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  Wiley Gunter was convicted, at
the October, 1917, term of the district court of Washita
county, on a charge of receiving stolen property, and his
punishment fixed at imprisonment in the state penitentiary
for a term of two years.

Counsel for plaintiff in error urge only one proposi-
tion as ground for reversal, to wit, that the verdict of the
jury and judgment of the court are not sustained by suffi-
cient evidence. With this contention we cannot agree.
The indictment charges the plaintiff in error with receiv-
ing various and sundry articles of merchandise. A few
of the items named were one pair of ladies' shoes, one pair
of men's shoes, one pair of pants, five yards of broadcloth,
one shirt.

The proof shows that the plaintiff in error was sus-
pected of connection with the theft of merchandise, and
that upon proper complaint a warrant was issued, and the
sheriff went to the home of the plaintiff in error and

searched for the property. The plaintiff in error was at home at the time the sheriff arrived, and denied the presence of stolen property, and said anything they found on the premises belonged to him. The sheriff made a diligent search of the premises. The facts indicate that he had private advice concerning the secreted property, so, after investigating all other places, he searched the chicken house and there found a box beneath the chicken house floor containing the stolen property and a large quantity of merchandise in addition to that set out in the complaint, including groceries, all of which were buried in the chicken house and beneath the chicken roosts. The plaintiff in error claimed all this merchandise at the time it was discovered, and told the sheriff he had purchased it from a peddler. At the trial of the case these and other facts were placed before the jury. The defendant did not testify, and offered no testimony in his defense.

It is earnestly argued by counsel for plaintiff in error that the judgment should be reversed because the evidence did not establish the fact that the plaintiff in error received the merchandise as charged, knowing that it had been stolen. With this contention we cannot agree. The merchandise was not only found on the premises of the accused, but ownership claimed by him, and he endeavored to explain the possession by the contention that he had purchased the goods lawfully. He buried these groceries and wearing apparel beneath the chicken roost, where it was found after diligent search by the officers. We are inclined to the view that an intelligent jury, in the ordinary course of its duty, would be warranted in concluding that no innocent man who had made an honest purchase of merchandise, including wearing apparel and food, would

find occasion to hide them beneath a chicken roost, and considering these things together with the fact that the property had been stolen recently and the many incriminating facts in connection with the possession of the property of the accused, and giving due weight to the many other circumstances disclosed by the record, we cannot say the jury was without testimony upon which to base a verdict of guilty, or that the judgment of the court was insufficiently sustained.

There being no prejudicial error  disclosed  by  the record, the judgment of the trial court is affirmed.  Mandate ordered forthwith.

DOYLE, P. J., and MATSON, J., concur.