## CARPENTER *v.* STATE OF INDIANA.

[No. 23,847. Filed June 8, 1921.]

1. CRIMINAL LAW.—*Receiving Stolen Goods.—Evidence of Other Similar Offenses.—Admissibility.—Guilty Knowledge.*—In a prosecution for receiving stolen goods as defined by §2273 Burns 1914, Acts 1905 p. 668, §381, evidence tending to prove the accused guilty of other similar offenses was admissible to prove his guilty knowledge and intent. p. 613.

2. RECEIVING STOLEN GOODS.—*Accomplice of Thief.—Conviction.*—An accomplice of the thief may be convicted of receiving stolen goods. p. 614.

3. RECEIVING STOLEN GOODS.—*Record Evidence of Larceny.— Admissibility.*—In a prosecution under §2273 Burns 1914, Acts 1905 p. 668, §381, record evidence is not admissible to establish the theft of the goods. p. 614.

4. RECEIVING STOLEN GOODS.—*Guilty Knowledge.—Criminal Intent.—Evidence.—Sufficiency.*—In a prosecution under §2273 Burns 1914, Acts 1905 p. 668, §381, for receiving stolen goods, evidence *held* sufficient to show guilty knowledge and intent of defendant. p. 614.

5. CRIMINAL LAW.—*Appeal.—Review.—Harmless Error.— Admission of Evidence.*—In a prosecution under §2273 Burns 1914, Acts 1905 p. 668, §381, for receiving stolen goods, error in admitting record evidence to prove the theft of the goods involved was harmless where that fact was established by direct and uncontradicted oral testimony. p. 615.

6. CRIMINAL LAW.—*Receiving Stolen Goods.—Evidence of Alibi for Accomplice.—Admissibility.*—In a prosecution for receiving stolen goods, as defined by §2273 Burns 1914, Acts 1905 p. 668, §381, where a witness testified that he stole the goods with the assistance of others, evidence to prove an alibi for one of his alleged accomplices was inadmissible, since the state was only bound to prove that the goods involved were stolen, and was not required to prove the identity of the thieves. p. 615.

From Marion Criminal Court (50,474) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Elijah Carpenter, alias Lige Carpenter. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Frank P. Baker, Clyde E. Baker* and *Edward O. Snethen,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TRAVIS, J.—This is a prosecution for receiving stolen goods, as defined by §381, Acts 1905 p. 668, §2273 Burns 1914.

The errors brought to this court are:   (1) Overruling appellant's motion for a new trial, and (2) that the judgment appealed from is not fairly supported by the evidence.

The specifications of error of law in the motion for

a new trial relate to the evidence, both to the introduction of evidence by the state and the court's refusal of the introduction of evidence by the accused.

Of the three vital elements of proof of this crime— to wit, (1) the larceny of the goods, (2) the subsequent reception of the stolen goods by the accused, (3) that the accused knew the goods were stolen—evidence which relates to the first and third element to be proved are complained of on this appeal.

Evidence was introduced by the state which tended to prove the accused guilty of other similar offenses for the purpose of proving his guilty knowledge. The questions which elicited this evidence were objected to by appellant, and the question is presented here upon exceptions to the rulings of the trial court thereon.

The appellant cites the case of *Strong* v. *State* (1882), 86 Ind. 208, 44 Am. Rep. 292, as sustaining his contention. The crime charged in this case was for

1. obtaining money under false pretenses, in which the intent of its commission is inferred from the act itself, and the jury would not be aided in determining guilt, by the proof of the commission by the accused of other similar offenses. 1 Wharton, Criminal Evidence (10th ed.) §36; *Kahn* v. *State* (1914), 182 Ind. 1, 105 N. E. 385. It was not error to admit evidence of the commission of other similar crimes by the accused for the purpose of proving intent in the case at bar. 1 Roscoe, Criminal Evidence (8th Am. ed.) p. 141; *Beuchert* v. *State* (1905), 165 Ind. 523, 76 N. E. 111, 6 Ann. Cas. 914. The proof of other crimes of like nature by the accused for the purpose of proving guilty knowledge was permitted by statute in England, (Prevention of Crimes Act, 34, 35 Vict. ch. 112, §19) which recognized the necessity of permitting the introduction of such evidence in prosecutions for receiving stolen goods. While the admission of such evidence is not gov-

erned by statute in this state, the rule made by statute in England has become the rule of evidence in the states of the United States. *Beuchert* v. *State,* supra.

It is contended by the accused in his brief that if he is guilty of any crime in connection with the goods in question, it is that of "an accessory before the 2. fact, a conspirator." It is sufficient in answer to state that an accomplice of the thief may be convicted of receiving the goods stolen, if, in fact, he did receive them. 34 Cyc 518. The accused testified that the goods alleged to have been stolen were in his possession, but he denied the larceny of them, which further disposes of the question of his being an accessory instead of a receiver of the goods stolen. This brings us to the question of the proof of the first element—of proof of the crime, as stated above, viz., the larceny of the goods.

The accused at his trial objected to the introduction of record evidence to establish the theft of the goods, which was overruled by the trial judge, and such 3. record evidence was admitted. This was error. The decisions of the courts of the different state and the United States courts, are not in harmony on this matter of evidence, but we are of the opinion that the weight of authority is against the admission of such evidence. 34 Cyc 526; *Commonwealth* v. *Elisha* (1855), 3 Gray (Mass.) 460; *Kirby* v. *United States* (1899), 174 U. S. 47, 19 Sup. Ct. 574, 43 L. Ed. 890. Contra: *Stripland* v. *State* (1902), 114 Ga. 843, 40 S. E. 993; *Cooper* v. *State* (1890), 29 Tex. App. 8, 13 S. W. 1011, 25 Am. St. 712.

It is found, upon examination of the evidence in the record, that the larceny of the goods was proved by the oral testimony of the thief himself; that the ap- 4. pellant testified in his own behalf that he knew the witness who testified that he had, with the

assistance of others, stolen the goods, and that he had received the goods from such witness. Appellant also testified that he had purchased the goods from such witness, at a price which was far below the regular and ordinary price for such goods. It is the opinion of the court that, by the evidence of the accused and the evidence of the confessed thief, guilty knowledge of the accused, as well as his criminal intent to commit the felony, was established.

In view of the fact that the proof of the larceny of the goods was thus established in the case by direct oral testimony, was the record evidence so erroneously admitted of such a prejudicial character as to make it harmful to the defendant? Upon a consideration of the cases it is found that in each of them, the opinions of which hold such evidence to be of such error that the case ought to be reversed, such erroneous record evidence was the only evidence in proof of the larceny. That is not the case here; for although it is the proper practice to prevent the introduction of record evidence to prove the larceny in the trial of a case for receiving stolen goods, the admission of the record evidence in the case at bar, in the face of the uncontradicted oral testimony on the subject, was not sufficient to prejudice the jury. It is therefore held that the evidence so admitted, and objected to, was harmless to the defendant.

Appellant offered to prove by record evidence that one of the witnesses accused as a thief of the goods was in jail in another county on certain days, for the purpose of proving an alibi for such accused thief, who was one of the accomplices of the confessed thief, and thereby break down the evidence of the larceny proved by the state. To this it will suffice to point to the evidence hereinbefore related of the confessed thief. There may have been 100 men who par-

ticipated in this larceny, but it was not necessary to identify one of them with the larceny. It was enough to prove that the goods were stolen property. And again, upon examination of the record, the evidence discloses that the goods were stolen on March 7, and the affidavits sought to be introduced in evidence said that this accused thief of the goods was in the jail on March 8, 9 and 10. The objection to the introduction of this evidence was properly sustained.

There being no reversible error in the record, the judgment of the trial court is affirmed.