THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH FIGARA, Appellant.

Second Department, December 23, 1926.

Crimes — criminally receiving stolen property — goods consisted of forty-five bags of feed and adding machine — property was found in shed on defendant's farm morning after it was stolen — defendant was on farm at time goods were found — size and character of goods affords presumption that possession by defendant was conscious and exclusive and character of possession should have been left to jury — offer of settlement made by defendant was proper for consideration of jury — evidence relating to presence of stolen automobile on farm was improperly admitted in absence of proof that it was received from same thief — error for People to introduce evidence contradicting defendant's denial of commission of other crimes — although no exception was saved trial was unfair.

On a prosecution for criminally receiving stolen property, it was a question for the jury to determine whether or not the defendant was in the conscious possession of the property and whether that possession was joint as to his partner and exclusive as to all other persons, although the only evidence on the question of conscious and exclusive possession consisted of testimony to the effect that the property, forty-five bags of feed and an adding machine, was found in a shed on defendant's farm the morning after it was stolen, and that the defendant was present on the farm a short distance from the shed when the property was discovered.

The character and size of the stolen goods affords the presumption that the defendant was conscious of their presence on his property and that his possession thereof was exclusive, and under such circumstances it was necessary for the defendant to at once disavow possession in order to overcome that presumption.

But the inference of the defendant's guilt and the character of his possession do not rest entirely upon the circumstance that the property was found on his premises. The jury had the right to consider also a conversation between the defendant and the owner tending to show that the defendant offered to make good the owner's loss.

It was prejudicial error for the court to permit the introduction of testimony on the part of the People to the effect that a stolen automobile was found on the defendant's property at the same time the property in question was found, in the absence of any evidence to show that the automobile was received from the same thief who stole the feed and adding machine, for that testimony tended to prove only that the defendant had committed some other and distinct crime.

The defendant having denied on cross-examination the commission of other crimes, it was prejudicial error for the court to permit the People to contradict his testimony in that respect.

The fact that the defendant who objected to the admission of such testimony failed to save an exception does not prevent the court from considering the error and holding that the defendant had an unfair trial.

Furthermore, some of the testimony tending to establish defendant's connection with the stolen automobile was merely hearsay and should have been stricken

out for that reason as well as for the reason that it violated the rule as to the admissibility of testimony tending to contradict testimony given by the defendant upon cross-examination in reference to the commission of other crimes.

APPEAL by defendant, Joseph Figara, from a judgment of the County Court of the county of Nassau, rendered on the 4th day of December, 1925, convicting him of the crime of criminally receiving stolen property in the first degree.

*Ralph E. Hemstreet,* for the appellant.

*James N. Gehrig [Elvin N. Edwards, District Attorney,* and *Charles I. Wood* with him on the brief], for the respondent.

JAYCOX, J. The defendant was indicted with one Pietro Grimaldi for the crimes of burglary, third degree, grand larceny, first degree, and criminally receiving stolen property, first degree. The defendants were tried separately. The court only submitted to the jury the charge of receiving stolen property. The jury rendered a verdict of guilty, and from the judgment entered thereon the defendant appeals.

The goods which, it is claimed, were criminally received by the defendant consisted of about forty-five bags of feed and an adding machine. The defendant and Grimaldi were partners in the conduct of a farm, and they lived in the farm house with their families, one living on the ground floor and the other upon the floor above. The feed, the adding machine, a Ford truck and a typewriter were stolen from one John O. Wagner, September 27, 1925. The next morning the truck was found in a ditch beyond defendant's farm (farther from Wagner's) with three tires removed. The tracks of this truck were then traced to defendant's farm, and there, under a shed, were found the forty-five bags of feed, covered with a tarpaulin, and in the barn on a piano box, used as a feed box, was found the adding machine covered with bags. At the time this property was found the defendant was on the farm and not far from the barn. He had been, according to his story, with his Ford truck to the market in New York city the night before and returned that morning. No other proof tending to connect this defendant with the possession of these goods or in any wise characterizing their possession, was given. The People relied largely upon the presumption of fact arising from the recent conscious and exclusive possession of some of the stolen property. (*Knickerbocker* v. *People,* 43 N. Y. 177; *People* v. *Wilson,* 151 id. 403; *People* v. *Zimmer,* 174 App. Div. 470.) The appellant contends that the possession here shown was not such as to permit of an inference of the appellant's guilt. The inference to be drawn from possession such as is here shown is largely a question of fact

and dependent upon the character of the stolen goods. If the stolen goods had consisted of some small article, such as a shovel or a pair of boots, the finding of that article as these goods were found, without more to show that the goods were in defendant's possession and that such possession was conscious and exclusive, would not be sufficient to warrant the submission of the case to the jury. The mere fact that property of that character was on the defendant's farm would not indicate possession, at all, in the defendant. Some one else might bring such property on the farm and leave it there without the defendant knowing it, or, if he did know it, without its presence there being in and of itself evidence of his possession. When, however, as in this case, the stolen property consisted of forty-five bags of grain, which would undoubtedly make a large conspicuous pile, placed in an open shed and covered with a tarpaulin, it would make an object of such a character that its mere presence there would be indicative that it was in the possession of the persons controlling the farm. A person might bring a pair of boots or a shovel, or any other small object, upon the farm, and no question of its presence arise in the mind of the owner, but when a pile of grain such as this was placed on the farm it immediately challenged the owner's attention, and if he left it there the possession was his, or at least a jury might so find. It seems to me that, in such a situation, no middle course was open to the one in possession of the farm. He must either at once disavow possession of the stolen property or it would be for a jury to determine whether he had accepted possession of it. Therefore, I think that the question as to whether the defendant was in the conscious possession of this property, and whether that possession was joint as to his partner and exclusive as to all other persons, were questions of fact for the jury. The inference of the appellant's guilt and the character of his possession are not to be determined by these facts alone. Every other fact bearing upon the character of the possession must be considered, whether occurring before or after the goods are found. In this case, after the goods were found, the appellant went to the man from whom the goods were stolen and had a conversation with him, from which the jury would be entitled to find that the defendant offered to make good the owner's loss. The jury was entitled to consider this, as well as the other evidence, in determining whether the appellant knew the goods were stolen, and that they were in the shed with his knowledge and consent.

The appellant claims that he did not have a fair trial, for various reasons, to some of which I will now call attention. The first witness for the People, the owner of the stolen property, was

describing the finding of the stolen property and he said, Officer Birnie opened the door of this barn, saw an automobile and said, " There, that looks like a stolen car." Objection was then made and sustained, the court, however, adding, " don't tell us the conversation, except in the presence of the defendant." The witness then said the defendant was present, and the court permitted the People, over the defendant's objection, to prove that the officer said, " That looks like a car that was stolen." The court evidently took the view that this remark called on the defendant for some explanation or denial, and that, in the absence of either, the jury could consider this evidence as evidence of defendant's guilt. The vice of that reasoning was, that it was evidence of some other crime, and, therefore, neither relevant nor competent in this case. (*People* v. *Molineux,* 168 N. Y. 264; *People* v. *Friedman,* 149 App. Div. 873.) In the *Molineux* case it is pointed out that an exception is made in prosecutions for criminally receiving stolen property, and that exception is made to permit proof of *scienter,* and logically that proof must be limited to evidence of the receipt of stolen property from the same thief. (*Coleman* v. *People,* 55 N. Y. 81; *People* v. *Grossman,* 168 id. 47; *People* v. *Doty,* 175 id. 164.) This misapprehension as to evidence of other stolen property persisted throughout the trial. The attorney for the defendant requested the court to charge the jury " that they can only consider possession of other stolen property where there is evidence that that stolen property was received from the same thief. The Court: That would be so, if it was offered by the People, and the defendant did not take the witness stand. My recollection is that that was developed when the defendant was on the witness stand." The defendant was entitled to have this request charged, and the fact that the testimony was elicited from the defendant would not affect it. The only reason for admitting evidence as to the receipt of other stolen property is to show *scienter* and consequently the evidence is not affected by its source. It must be of such a character as to prove, or tend to prove, that the other property was received from the same thief. Upon cross-examination the defendant may be interrogated as to the commission of other crimes, but that is merely for the purpose of affecting his credibility. (*People* v. *Hinksman,* 192 N. Y. 421.) In this case no other crimes committed by the defendant could be considered by the jury as evidence of the defendant's guilt, unless they tended to establish the receipt of other goods from the same thief.

The defendant upon cross-examination in this case was very properly interrogated as to the Moon automobile found in his

barn, the theft of some hay from a nearby trade school, as to a still and some alcohol found in the cellar, and as to two automobile license plates found under the front seat of the Ford truck the defendant had just been driving. These, however, were all collateral matters, and the prosecution was bound by the replies. Notwithstanding this rule, the People were permitted to call witnesses in rebuttal, who gave testimony which tended to contradict the testimony of the defendant as to these matters. This testimony was incompetent. (*People* v. *Greenwall,* 108 N. Y. 296; *People* v. *De Garmo,* 179 id. 130; *Potter* v. *Browne,* 197 id. 288; *People* v. *Dietz,* 216 App. Div. 23, 24; *People* v. *Hinksman, supra.*)

When the People sought to introduce this testimony the defendant objected to it as incompetent, irrelevant and immaterial, and the objection was overruled. The defendant took no exception and, therefore, no question of law was raised, but the admission of this testimony certainly rendered the trial unfair. Some of the testimony given in this connection was hearsay. As to the Moon automobile, a witness named Duryea testified that he " checked up with the Moon factory but. they keep no assembly records." He checked up the license on the car and tells the name and address of the person in whose name it was registered, and then adds that there is no such street number as the one given of the owner's address and that he could not find the man.

As to the license plates found in the truck, he says that he checked up that number; that the license was issued to Mary Dempsey for a Ford sedan, which was stolen from her and recovered in New York. At the conclusion of this testimony the defendant moved to strike it out as not binding on the defendant. The motion was denied and the defendant excepted. The denial of this motion was error. This testimony was clearly hearsay and should have been stricken out for that reason, if for no other. But it violated the rule as to contradicting the testimony of the defendant as to collateral matters, and as to the Moon car it did not prove, even by hearsay, that that was a stolen car. The witness stated that without the serial and motor number he could do nothing.

The judgment of conviction of the County Court of Nassau county should be reversed upon the law and the facts, and a new trial ordered.

Kelly, P. J., Manning, Young and Lazansky, JJ., concur.

Judgment of conviction of the County Court of Nassau county reversed upon the law and the facts, and a new trial ordered.