THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JACOB ROSE, PLAINTIFF IN ERROR.

Submitted May term, 1926—Decided February 8, 1927.

Crimes—Receiving Stolen Goods—Error, Alleging Failure of Court to Direct Verdict—In a Criminal Case, After the State Has Rested, a Motion to Direct is Discretionary—Where a Defendant Receives Goods Under Such Circumstances as to Satisfya Man of Ordinary Intelligence That They Were Stolen, the Jury is Entitled to Find Guilty Knowledge—Held, That Upon the Facts the Court was Fully Justified in Refusing to Direct a Verdict at the Close of the State's Case and That There was No Error in Refusing to Direct at the Close of Defendant's Case.

On writ of error to the Court of General Quarter Sessions in and for the county of Hudson.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff in error, *Thomas F. Meaney.*

For the defendant in error, *John Milton.*

PER CURIAM.

This case is before this court upon a writ of error directed to the Court of General Quarter Sessions in and for the county of Hudson. The writ brings up the record of the judgment on the conviction of the defendant, Jacob Rose, under an indictment for receiving stolen goods, found under section 166 of the Crimes act. The entire record has been certified in accordance with section 136 of the Criminal Procedure act.

The evidence offered by the state was to the effect that one Elizabeth McAllister conducted a store at 526 Washington avenue, in the city of Belleville, in the county of Essex, in which she sold dresses and clothes for women and children. On May 25th, 1924, this store was broken into and a large part of the stock of dresses and clothes were stolen. One Royal Pride was tried and convicted for the larceny of the articles. The defendant, Jacob Rose, conducted a chicken and poultry store in the city of Hoboken. By reason of information received the store of 'Rose was examined. In a closet in the rear of the store were found twelve dresses which were identified by Elizabeth McAllister as goods stolen from her store.

The state's case consisted of the testimony of Elizabeth McAllister above recited with reference to the theft of the dresses and the identification thereof, and the testimony of police officers to the effect that these dresses were found in the store of Jacob Rose. Upon the conclusion of this testimony counsel for Rose moved that the judge direct the jury to acquit the defendant. This motion was denied. An exception was taken. This ruling is assigned as error.

The defendant's testimony was to the effect that after Decoration Day of 1924 he went to New York with his daughter, Anna Rose; that they saw the twelve dresses upon a push cart, and that they purchased them for $142. Anna Rose, the defendant's daughter, corroborated the testimony of her father. She further testified that she wanted the dresses for herself, and that she took size fourteen, and that six of these dresses were of this size. The dresses were then produced in court and none of the dresses were found to be size fourteen. All were a larger size, some of them running up to thirty-eight and forty. Anna Rose was small. The dresses were unsuitable for her to wear.

A motion was made to direct a verdict for the defendant at the close of the testimony. This was denied. An exception was taken. This is one of the assignments of error relied on for reversal.

In the brief of the plaintiff in error it is further contended that the crime was not committed in New Jersey but in New York. This contention is based upon the testimony of the defendant and his daughter that the dresses were purchased in New York City. There was proof that the stolen goods were found in the possession of the defendant in a closet on the premises occupied by the defendant. While it is true that the defendant claimed that he bought them in New York, this was not conclusive of that fact. A factual question for the determination of the jury was raised by this testimony.

The two motions to direct a verdict for the defendant, one made at the close of the state's case and the other at the conclusion of the testimony, were properly denied. In a criminal case after the state has rested a motion to direct is discretionary. Under the one hundred and thirty-sixth section of the Criminal Procedure act, the question may be considered on the whole case as certified. On strict writ of error it would not be considered. But after the entire case is in on strict error, exception and assignment, it is a matter of right. In *State* v. *Lieberman,* 80 *N. J. L.* 506, Chief Justice Gummere says:

"The refusal at the close of the state's case to discharge a defendant in a criminal trial, although reviewable on error when the proceedings had upon the trial are brought up by the writ, will only justify a reversal of the conviction when there were no facts proper to be submitted to the jury which would support a conclusion of guilt." An interesting review of this question is found in the case of *State* v. *Bacheller,* 89 *N. J. L.* 433.

When the state rested its case the evidence showed that the store of Elizabeth McAllister at Belleville had been entered and a part of the goods removed were the twelve dresses which were found in a closet on the premises of the defendant, in the rear of his chicken store, in the city of Hoboken. If no further testimony had been offered the jury could have inferred from these circumstances that the defendant had a guilty knowledge that the goods were stolen when he received them. When a defendant receives goods under such circumstances as would satisfy a man of ordinary intelligence they were stolen, a jury is entitled to find guilty knowledge. *State* v. *D'Adame,* 84 *N. J. L.* 386. We think the court was fully justified on this state of facts in refusing to direct a verdict of acquittal at the close of the state's case, and that no manifest wrong or injury was done to the defendant by the trial court in its refusal to so direct.

At the close of the defendant's case the same motion was made. The state's case seems to us to have been strengthened by the testimony offered in behalf of the defendant. The defendant testified that he had purchased the dresses from a peddler on Orchard street, in the city of New York, for his daughter, and had hung them in his closet. The purchase price of the dresses was $142. The defendant's daughter, in testifying for her father, stated that the dresses had been bought for her. The dresses were then produced and it was found as hereinbefore stated that the dresses were wholly unsuited for wear by her as they were not the size which she testified to she wore. The jury had a right to consider this testimony. They evidently did not believe it. They probably inferred that the defendant would not have paid $142 for

dresses for his daughter which were of a size unsuitable for her to wear. We think, under the cases above cited, that the trial court ruled properly in letting the jury pass on the facts of the case and that the defendant suffered no manifest wrong or injury by the court's refusal to direct a verdict in his favor at the close of the defendant's testimony.

This disposes of the contentions made in behalf of the defendant below.

The judgment of conviction is affirmed.