The judgment appealed from is therefore affirmed.

(112 So. 514)

No. 28447.

## STATE v. NATTALIE.

March 28, 1927. Rehearing Denied April 25, 1927.

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⊜663—Action of prosecuting attorney in throwing stolen merchandise before jury while being identified and before offered in evidence held not prejudicial (Act No. 72 of 1898, amending Rev. St. 1870, § 832).**

In prosecution for receiving stolen goods, under Act No. 72 of 1898, amending Rev. St. 1870, § 832, action of prosecuting attorney in counting number of silk stockings which had been stolen, and throwing them in front of jury while they were being identified by owner before they were offered in evidence, *held* not prejudicial to defendant.

2. **Receiving stolen goods ⊜3—Proof that defendant, charged with receiving stolen goods, purchased goods, does not entitle him to acquittal (Act No. 72 of 1898, amending Rev. St. 1870, § 832).**

Defendant, prosecuted for receiving stolen goods, under Act No. 72 of 1898, amending Rev. St. 1870, § 832, is not entitled to acquittal on mere proof that he purchased goods, since such evidence is for consideration of jury in determining good or bad faith of defendant in making purchase.

3. **Receiving stolen goods ⊜3—Defendant, charged with receiving stolen goods, if purchasing goods in good faith, should be acquitted (Act No. 72 of 1898, amending Rev. St. 1870, § 832).**

In prosecution for receiving stolen goods under Act No. 72 of 1898, amending Rev. St. 1870, § 832, defendant should be acquitted, if jury finds that defendant purchased in good faith.

4. **Receiving stolen goods ⊜9(2)—Requested charge that defendant should be acquitted, if he purchased stolen goods, or if purchase raised doubt of guilt, held properly refused as misleading (Act No. 72 of 1898, amending Rev. St. 1870, § 832).**

In prosecution for receiving stolen goods under Act No. 72 of 1898, amending Rev. St. 1870, § 832, requested charge that, if defendant purchased goods or if such fact raised doubt of guilt, jury should acquit, *held* properly refused as misleading and erroneous.

5. **Receiving stolen goods ⊜9(2)—Charge on allegations necessary to convict of buying goods feloniously stolen held properly refused as inapplicable in prosecution for receiving stolen goods (Act No. 72 of 1898, amending Rev. St. 1870, § 832).**

In prosecution for receiving stolen goods under Act No. 72 of 1898, amending Rev. St. 1870, § 832, requested special charge that to convict of buying goods feloniously taken or stolen it must be alleged that defendant bought goods feloniously, knowing that they were feloniously stolen, *held* properly refused as inapplicable.

6. **Receiving stolen goods ⊜7(6)—Allegation or proof that defendant paid for stolen goods held unnecessary (Act No. 72 of 1898, amending Rev. St. 1870, § 832).**

In prosecution for receiving stolen goods under Act No. 72 of 1898, amending Rev. St. 1870, § 832, it was not necessary for state to allege or prove that defendant paid any consideration for goods.

**7. Receiving stolen goods** ⊚⇒9(I)—**Whether defendant purchased stolen goods in good faith or with guilty knowledge held for jury (Act No. 72 of 1898, amending Rev. St. 1870, § 832).**

In prosecution for receiving stolen goods under Act No. 72 of 1898, amending Rev. St. 1870, § 832, whether defendant received goods by purchase in good faith or with guilty knowledge was for jury.

**8. Receiving stolen goods** ⊚⇒7(4)—**Indictment for receiving stolen goods need not charge that goods were feloniously stolen (Act No. 72 of 1898, amending Rev. St. 1870, § 832).**

In prosecution for receiving stolen goods under Act No. 72 of 1898, amending Rev. St. 1870, § 832, indictment need not charge that goods were feloniously stolen.

**9. Criminal law** ⊚⇒531(3)—**Admission of confession held not erroneous for lack of proof that confession was voluntary, in view of prima facie showing that it was spontaneously made (Act No. 72 of 1898, amending Rev. St. 1870, § 832).**

In prosecution for receiving stolen goods under Act No. 72 of 1898, amending Rev. St. 1870, § 832, admission of confession by defendant while under arrest that he purchased goods and did not dispose of them because he was afraid they were stolen was not erroneous on ground that state did not prove confession was not induced by threats or promises of officers, where defendant did not request officers be placed on stand to rebut prima facie showing that confession had been given spontaneously, but merely reserved bill to admission of confession.

**10. Criminal law** ⊚⇒741(1), 742(1)—**Jury alone must pass on credibility of witnesses and weight and sufficiency of evidence.**

In criminal prosecution, it is solely within province of jury as exclusive judges of facts to pass on credibility of witnesses and weight and sufficiency of evidence.

**11. Criminal law** ⊚⇒1158(1)—**Supreme Court cannot review jury findings on credibility of witnesses and weight and sufficiency of evidence (Const. 1921, art. 7, § 10; art. 19, § 9).**

Jury findings on credibility of witnesses and weight and sufficiency of evidence in criminal case cannot be reviewed by Supreme Court whose jurisdiction in criminal cases is restricted to questions of law by Const. 1921, art. 7, § 10, and article 19, § 9.

Appeal from Fourteenth Judicial District Court, Parish of Calcasieu; Jerry Cline, Judge.

Joseph Nattalie was convicted of receiving stolen goods, and he appeals. Affirmed.

M. R. Stewart, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles (E. R. Schowalter, of New Orleans, of counsel), for the State.

LAND, J. Defendant appeals from a sentence of six months in the state penitentiary for the crime of receiving stolen goods, knowing them to have been stolen.

### Bill No. 1.

[1] It is complained by defendant that the district attorney, in the presence and view of the jury, counted a number of silk stockings by pairs, and threw them in a pile on the floor in front of the jury, before the goods had been offered in evidence by the state.

As this action of the prosecuting officer was taken during the process of identification by the owner from whom the stockings had been stolen, and as the goods were not offered in evidence until the identification had been completed, we agree with the trial judge that no possible injury resulted to the accused from this incident in the trial.

### Bill No. 2.

The defense made was that defendant had purchased the goods. The court was requested to charge the jury:

"That, if the jury is of the opinion that defendant purchased the goods, or if such fact from the evidence has raised a doubt of the guilt of defendant of the charge in the bill of indictment, there should be a verdict of not guilty."

[2] As the defendant is charged with receiving stolen goods, it is clear that he was not entitled to an acquittal upon mere proof that he had purchased the goods, as such evidence is for the consideration of the jury in determining the good or bad faith of the defendant in making the purchase, under all the facts and circumstances surrounding such purchase. The law as to reasonable doubt was fully covered in the general charge.

[3, 4] It is true that the jury should acquit the defendant if they should find that the purchase has been made by him in good faith; but the special charge requested was properly refused, as it is misleading and does not announce correctly the law applicable to the case.

### Bill No. 3.

[5] Defendant complains because the trial judge refused the following special charge:

"That, before there can be a conviction of buying goods feloniously taken or stolen, it must be laid in the indictment that the defendant did buy goods feloniously taken or stolen and that the defendant did know at the time of buying that the goods had been feloniously taken or stolen and all of which must be proven beyond a reasonable doubt."

As defendant is not indicted for buying, but for receiving and having stolen goods, the charge requested is not pertinent to the allegations in the indictment, and was properly refused.

[6, 7] It was not necessary, therefore, for the state either to allege or to prove that defendant paid any consideration for the goods. These goods were none the less received and had by the defendant, although he may have bought them. Whether the goods were received by purchase in good faith, or with guilty knowledge, was a matter for the jury to consider.

### Bill No. 4.

Defendant filed a motion in arrest in this case on the ground that the bill of indictment alleged no violation of any law.

The indictment charges that the defendant "did unlawfully, knowingly, and feloniously receive and have in his possession (certain described property) then lately before stolen, taken, and carried away by another person or persons; he, the said Joseph Nattalie, then well knowing that the said goods and chattels to have been feloniously taken, stolen, and carried away, contrary to the form of the statute of the State of Louisiana," etc.

The complaint of defendant is that the word "feloniously" is omitted in the phrase, "then lately before stolen, taken, and carried away," and should have been inserted before the word "stolen"; i. e., that the indictment does not charge that the goods had been feloniously stolen.

[8] It is not essential that an indictment under section 832, Revised Statutes, 1870, as amended by Act No. 72 of 1898, should charge that the goods were feloniously stolen. State v. Gulizo, 149 La. 1090, 90 So. 415; State v. Allemand, 25 La. Ann. 525; State v. Moultrie, 34 La. Ann. 489.

### Bill No. 5.

[9] Defendant objected to a confession made by him to the district attorney in the sheriff's office, while defendant was under arrest, on the ground that the state had not first proven that the officers in charge of defendant had not induced the confession through threats or promises.

On hearing that the stolen goods had been found, the district attorney repaired to the sheriff's office and found the defendant standing near the railing of a desk.

Defendant asked the state's attorney about the fixing of the bond, and was in-

formed by him that that was a matter for the court.

When questioned by the state's attorney about the finding of the goods, the defendant, according to the testimony of that officer, replied freely and voluntarily that "a big, tall negro" had come to his place of business that morning at 4 o'clock and had offered to sell him the goods for $50, that defendant offered to give him $10, and they finally compromised at $15, and that defendant bought the goods.

When asked by the prosecuting officer why he had not disposed of them, the defendant replied: "I was afraid they were stolen."

Defendant's objection that the proper foundation had not been laid by the state for the introduction of the confession was overruled by the trial judge and the confession was admitted, with instruction to the jury that it might consider all of the circumstances surrounding any statement, if made by the accused, and give to such statement such weight as the jury might consider it to be entitled to, under all of the facts.

Defendant did not request the court to have the officers who had arrested defendant called and placed upon the stand to rebut the prima facie showing made by the state that the confession had been given spontaneously; but merely reserved a bill to the ruling admitting the confession in evidence.

We find no error in the ruling made by the judge a quo, under the circumstances of the case.

### Bill No. 6.

This bill was reserved to the overruling of a motion for a new trial on the ground that the verdict is contrary to the law and the evidence.

We find attached to the motion for a new trial two affidavits, one made by a police officer and the other by a deputy sheriff, to the effect that defendant made no reference to a negro in his statement to the district attorney in the sheriff's office, but repeated to him the same statement that defendant had made to the officers, that defendant had purchased the goods between 4 and 5 o'clock in the morning from two white men, who had knocked on his door.

The sole purpose of the evidence of the two officers is to impeach the testimony of the district attorney as to his statement that the defendant had admitted to him that the purchase was from a negro.

The trial judge, as reasons for overruling the motion for a new trial, states that—

"The evidence of the defendant alone justified his conviction by the jury. The testimony of the district attorney differed from the defendant's testimony only in one particular—the defendant said he got the goods from two white men, and the district attorney said he told him that he got them from a colored man. Whether the testimony of either was correct or incorrect was for the jury to determine; but, if they found the district attorney in error, they would have been fully justified in convicting on the other evidence."

[10, 11] It is solely within the province of the jury, as the exclusive judges of the facts in criminal cases, to pass upon the credibility of the witnesses and the weight and sufficiency of the evidence. These are matters which we cannot review under our appellate jurisdiction, which is restricted to questions of law alone in criminal cases. Const. 1921, art. 7, § 10, and article 19, § 9.

The conviction and sentence appealed from are affirmed.