## WERTHEIMER AND GOLDBERG *v.* STATE OF INDIANA.

[No. 25,166.   Filed December 13, 1929.   Rehearing denied March 13, 1930.]

574

*A. E. Needham,* for appellants.

*Arthur L. Gilliom* and *James M. Ogden,* Attorney-Generals, *Harry L. Gause* and *V. Ed Funk,* Deputy Attorney-Generals, for the State.

MARTIN, J.—Appellants were tried by a jury upon an indictment which charged them with receiving stolen goods in violation of Acts 1905, ch. 169, §381, §2465 Burns 1926. They were each found guilty, fined $50, and sentenced to imprisonment in the Indiana State Prison for not less than one nor more than 14 years.

The alleged errors which are assigned and not waived are the overruling of their separate and several motions to quash the indictment and the overruling of their motion for a new trial. All of the 40 reasons stated in the latter motion are waived, except those alleging that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and one alleging that the court erred in refusing to sustain appellants' motion to require certain merchandise and property to be withdrawn from the sight and presence of the jury.

Appellants contend, under their first assignment, that the indictment is insufficient because it does not specifically charge that the property received by appellants was received by them from the thief knowingly. Under their second assignment, they contend that, in order to

sustain a verdict against them, there must be evidence that they received the goods in question from the thief himself or under circumstances that directly connect them with the thief and that there is an absence of such evidence.

Section 2465 Burns 1926, under which this prosecution is brought, provides that:

"Whoever buys, receives, conceals, or aids in the concealment of, anything of value, which has been stolen, taken by robbers, embezzled, or obtained by false pretense, knowing the same to have been stolen, taken by robbers, embezzled, or obtained by false pretense, shall, if the goods be of the value of twenty-five dollars or more, on conviction, suffer the punishment prescribed for grand larceny, and if the goods be of the value of less than twenty-five dollars shall suffer the punishment prescribed for petit larceny."

The indictment in part reads as follows:

"The grand jury . . . upon their oaths do present and charge that Lionel A. Wertheimer and Irvin Goldberg . . . did then and there unlawfully and feloniously buy, receive, conceal and aid in the concealment of fifteen coats, of the value of seventy-one dollars and seventy-five cents of the personal property of John Chenoweth and Wilbur Wiggins . . . which said goods and property, prior to the time it was so bought, received, and concealed by said Lionel A. Wertheimer and Irvin Goldberg, had been unlawfully and feloniously stolen, taken and carried away . . . by some person or persons to the grand jury unknown; that said Lionel A. Wertheimer and Irvin Goldberg at the time they so bought, received, concealed and aided in concealing said goods and property well knowing that the same had been so as aforesaid unlawfully and feloniously stolen, contrary," etc.

As a general rule, an indictment is sufficient if the charge made therein is substantially in the language of

the statute defining the offense. *State* v. *Miller* (1884), 98 Ind. 70; *Betts* v. *State* (1884), 93 Ind. 375; *Benham* v. *State* (1888), 116 Ind. 112, 18 N. E. 454. The charge in this indictment follows the language of the statute; it charges the essential elements of this crime (1) the receipt or concealing (2) of goods that have been stolen (3) knowing them to have been stolen (*Goodman* v. *State* [1895], 141 Ind. 35, 39 N. E. 939; *Semon* v. *State* [1902], 158 Ind. 55, 62 N. E. 625) (4) with a felonious intent (*Gandolpho* v. *State* [1870], 33 Ind. 439; Rapalje, Larceny §322) and it sufficiently apprises the defendants of the nature and character of the charge against them. *Greer* v. *State* (1929), *ante* 386, 168 N. E. 458.

The allegation that the defendants "unlawfully and feloniously" received goods that had been previously unlawfully and feloniously stolen, knowing that the same had been stolen, is equivalent to charging that defendants knowingly received the goods which at the time of receiving were still under the larcenous taking, *Gandolpho* v. *State, supra; Kaufman* v. *State* (1874), 49 Ind. 248; *Owen* v. *State* (1876), 52 Ind. 379, for, if the goods when received were not the subject of larceny, the receiving would not have been felonious. *Partlow* v. *State* (1929), *ante* 207, 166 N. E. 651; *Blum* v. *State* (1925), 196 Ind. 675, 148 N. E. 193; *Semon* v. *State, supra.*

The transaction of receiving stolen goods is identified in part by the description of the stolen things and their ownership. The owner's name is important in identification and must be stated if known. In this state, receiving or concealing stolen goods, knowing them to have been stolen, is an independent, substantive offense and not merely an accessorial one. The particular thing denounced by the statute is the re-

ceiving of stolen goods knowingly. The name of the thief, or other person from whom the accused received the goods, is not necessary as identifying matter, and, for that reason, need not be alleged in the indictment. *Semon* v. *State, supra; Beuchert* v. *State* (1905), 165 Ind. 523, 76 N. E. 111, 6 Ann. Cas. 914; 2 Wharton, Crim. Proc. (10th ed.) §§1168, 1175; 17 R. C. L. 89, 90. (See discussion, *infra*.)

The evidence of the State, briefly, is: That the general store of Chenoweth and Wiggins, at Losantville, was burglarized during the night of December 3, 1924, and certain clothing was taken including coats, vests, overalls, shirts, underwear, blanket-lined coats, and one dozen sheep-lined coats; that, on December 6, 1924, appellants opened a "fire-sale" in the Hub department store which they operated in Muncie (following a fire there on November 26); that Wiggins, accompanied by police officers, went to appellants' store early on the day the sale was to begin and discovered some of the clothing which had been stolen from the Losantville store, and later, with the aid of a search warrant, discovered and identified a considerable amount of such clothing; that appellants, when questioned about the stolen property so discovered in their possession, said they had invoices for all of the merchandise, but were unable to produce the invoices; that they denied all knowledge as to how some of the stolen property which was identified came to be in their possession; that some of the coats still had tags with the Losantville store cost-mark on them and were included in the invoices of that store; that the lower end of the tags on some of the garments were removed and that one of the appellants was seen by a witness to remove tags from other coats during the fire-sale and place them in his pocket; that the wholesale cost of the sheep-lined coats to the Losantville store was $7.50 each and that appellants

were selling them at prices ranging from $1.95 to $5.95. It was also proved that clothing was found in appellants' store on December 6, which had been stolen from a store at Fowlerton on November 28, and from a store at Albany (Ind.) on July 20. On cross-examination, the owner of the burglarized store at Losantville and a police officer testified that the identity of the burglar or thief who had taken the goods from that store was unknown, although diligent search had been made to discover it. From the evidence, the inference of guilt can reasonably be drawn. The evidence is sufficient to sustain the verdict, and the verdict is not contrary to law.

Guilty knowledge is an essential element of the crime of receiving stolen goods, and it is necessary that allegation and proof be made that the accused receiver of the property knew that the property was stolen property at the time he received or concealed it. *Goodman* v. *State, supra; Semon* v. *State, supra;* 3 Bishop's New Crim. Proc. (2d ed.) 1856. (The word "conceal" as used in the statute is not only to be given its literal meaning of hiding or secreting, but it includes any acts or conduct which assist the thief in converting the property to his own use, *People* v. *Reynolds* [1852], 2 Mich. 422, or which may prevent or render more difficult its discovery by the owner. 2 Brill, Cyc. Crim. Law. 1457.)

Where, as in this state, the crime of receiving stolen goods is an independent, substantive offense and not merely an accessorial one, it is not necessary to prove that the accused knew from whom the property was stolen, or when or where it was stolen, or who stole it, or the circumstances under which it was stolen. 2 Brill, Cyc. Crim. Law §929, 1188-9; *Holford* v. *State* (1827), 2 Blackf. (Ind.) 103; *Kaufman* v. *State, supra.* Proof that the accused knew the property was stolen property cannot often be, and need not be, made directly, by absolute and positive evidence, but

such knowledge may be proved or inferred from the circumstances. 2 Brill, Cyc. Crim. Law, 1469, 1472-4; 17 R. C. L. 85; *State* v. *Rose* (1927), 5 N. J. Misc. Rep. 213, 136 Atl. 295; *State* v. *Stanley* (1927), 123 Kans. 113, 254 Pac. 314; *Burton* v. *State* (1925), 102 Texas Crim. 110, 277 S. W. 390; *Sears* v. *State* (1927), 106 Texas Crim. 219, 291 S. W. 547.

The question of the existence of such knowledge is one of fact for the jury, *Robinson* v. *State* (1882), 84 Ind. 452, and it is sufficient if the facts and circumstances surrounding a defendant's receiving and concealing of the property were such that the jury could reasonably infer and conclude therefrom that he knew it was stolen. *Goodman* v. *State, supra; State* v. *Zeman* (1924), 63 Utah 422, 226 Pac. 465; *Tyler* v. *State* (1920), 17 Ala. App. 495, 86 So. 93; *Stemple* v. *United States* (1923), 287 Fed. 132; *People* v. *Grove* (1918), 284 Ill. 429, 120 N. E. 277; *State* v. *Nattalie* (1927), 163 La. 641, 112 So. 514; *People* v. *Figara* (1926), 218 App. Div. 638, 219 N. Y. Supp. 73. Guilty knowledge that the property received is stolen cannot rest on mere supposition, *People* v. *Smith* (1926), 234 Mich. 503, 208 N. W. 674, and, where the State relies wholly on circumstantial evidence to show such guilty knowledge, the circumstances relied upon must point clearly and conclusively to guilt and exclude every reasonable hypothesis of innocence, *Davis* v. *State* (1920), 18 Okla. Crim. 112, 193 Pac. 745, sufficiently to convince the jury beyond a reasonable doubt that the accused knew the property was stolen. *Weaver* v. *State* (1925), 30 Okla. Crim. 309, 235 Pac. 635; *State* v. *Friedson* (1927), 170 Minn. 72, 211 N. W. 958.

The cases are not in harmony upon the question of the effect of the unexplained possession of recently

stolen goods,[1] by one charged with unlawfully receiving them, but all of the courts are agreed that such possession is a strong circumstance to be considered, with all the evidence in the case, on the question of guilty knowledge, 2 Brill, Cyc. Cr. Law, 1472-4, and convictions for receiving stolen goods have been held to be warranted where such recent possession was coupled (a) with contradictory statements by accused as to their possession of the property (17 R. C. L. 86; Note 15 Ann. Cas. 902-3; *Gunther* v. *People* [1891], 139 Ill. 526, 28 N. E. 1101; *People* v. *Harris* [1892], 93 Mich. 617, 53 N. W. 780; *People* v. *Oblaser* [1895], 104 Mich. 579, 62 N. W. 732); (b) with evasive statements and unusual manner of acquisition (*Wood* v. *State* [1922], 18 Ala. App. 654, 94 So. 256); (c) with attempts at concealment and the fact that goods were being sold far below the wholesale price (*Nakutin* v. *United States* [1925], 8 Fed. (2d) 491, 269 U. S. 585; *Gibbs* v. *State* [1900],

---

[1]It has been held that the unexplained possession of goods recently stolen raises a presumption that they have been illegally received and imposes on an accused the onus of explaining such possession and authorizes a conviction if unexplained. *Rosen* v. *United States* (1920), 271 Fed. 651, 655; *Jordan* v. *State* (1920), 17 Ala. App. 575, 87 So. 433; Id., 205 Ala. 114, 87 So. 434; *Williams* v. *State* (1915), 16 Ga. App. 697, 85 S. E. 973; *Jenkins* v. *State* (1885), 62 Wis. 49, 21 N. W. 232; *State* v. *Ross* (1920), 46 N. D. 167, 179 N. W. 993 (but see dissenting opinion in this case). Other cases have held that, since an essential element of the crime of receiving stolen goods is knowledge that they have been stolen, unexplained possession, without more, is not sufficient for a conviction because such possession is not sufficient to impute such guilty knowledge. *Durant* v. *People* (1865), 13 Mich. 351; *People* v. *Lardner* (1920), 296 Ill. 190, 129 N. E. 697; *Kinard* v. *State* (1917), 19 Ga. App. 624, 91 S. E. 941; *Kasle* v. *United States* (1916), 233 Fed. 878; *Minor* v. *State* (1908), 55 Fla. 90, 45 So. 818; *State* v. *Speritus* (1905), 191 Mo. 24, 90 S. W. 459 (reversing *State* v. *Guild* [1899], 149 Mo. 370, 50 S. W. 909, 73 Am. St. 395, which reversed *State* v. *Bulla* [1886], 89 Mo. 595, 1 S. W. 764), but there are cases which hold that such unexplained possession raises the presumption of knowledge by the person in possession that the goods were stolen. *Sellers* v. *United States* (1924), 299 Fed. 258.

Where, as in the case at bar, there is no evidence to show that the theft was committed by some person other than the defendant charged with receiving the goods, such possession of goods recently stolen raises a presumption of theft, rather than of receiving stolen goods, and is not

130 Ala. 101, 30 S. 393); (d) with other incriminating evidence and circumstances (*Gunter* v. *State* [1920], 17 Okla. Crim. 404, 189 Pac. 200; *McDaniel* v. *State* [1926], 35 Okla. Crim. 425, 250 Pac. 804), or (e) with the possession of other stolen property (see discussion *infra*). Coupled with the recent unexplained possession of the stolen property here, the appellants made contradictory statements as to their possession of such property—that they had invoices for it which they did not produce, and that they did not know where it came from—they were offering the property for sale at much less than its value, and at the time were in possession of other stolen property.

The language used by this court in *Foster* v. *State* (1885), 106 Ind. 272, at page 277, 6 N. E. 641, upon

*prima facie* evidence that the possessor is guilty of receiving stolen goods. *Bowers* v. *State* (1925), 196 Ind. 4, 146 N. E. 818; *People* v. *Wagner* (1929), 333 Ill. 603, 165 N. E. 146; 34 Cyc 528. (It will be noted that some states adhere to a contrary doctrine and hold that the unexplained possession of property recently stolen constitutes legally sufficient evidence to warrant a conviction either of larceny or of receiving stolen property, *Daniels* v. *State* [1925], 168 Ark. 1082, 272 S. W. 833; *Sons* v. *State* [1915], 116 Ark. 357, 172 S. W. 1029, the presumption of guilt growing weaker as the time of possession recedes from the time of the original taking. *People* v. *Weldon* [1888], 111 N. Y. 569, 576, 19 N. E. 279.) It has been aptly noted in a number of cases that this presumption or inference is not a presumption of law, but a deduction of fact to be drawn by the jury alone, and is strong or weak according to the surrounding circumstances. *State* v. *Pomeroy* (1896), 30 Ore. 16, 46 Pac. 797; *People* v. *Ray* (1899), 36 App. Div. 389, 395, 55 N. Y. Supp. 410; *Pickering* v. *United States* (1909), 2 Okla. Crim. 197, 101 Pac. 123; *State* v. *Hodge* (1869), 50 N. H. 510. In *Smith* v. *State* (1877), 58 Ind. 340, a prosecution for burglary and larceny in which a conviction for burglary was reversed, this court held that the trial court erred in instructing the jury, in substance, that, in the absence of a satisfactory explanation of the possession of stolen property, the law presumes that the defendant had stolen it—such a presumption being an inference of fact merely, and not amounting to a rule of law. Quoting from 3 Greenleaf, Evidence §31, the court said: "Its force and value (of such presumption) will depend on several considerations . . . if the fact of possession stands alone, wholly unconnected with any other circumstances, its value or persuasive power is very slight. . . . It will be necessary, therefore, for the prosecutor to add the proof of other circumstances indicative of guilt, in order to render the naked possession of the thing available towards a conviction."

which case appellants rely to support their contention that it must be specifically charged and proved that they received the property from the thief knowingly, etc., has caused some uncertainty and confusion in the law. We expressly disapprove the statement there made that, if stolen goods are transferred from a thief to a guilty receiver, the goods in his hands are not stolen goods. The further statement is there made that one who receives stolen goods wickedly from a guilty receiver is not guilty of receiving stolen goods, unless such second or subsequent receiver receives the goods under circumstances which connect him with the thief. It is clear, however, if the first receiver is a "guilty receiver," that circumstances do exist which connect the second or subsequent receiver with the thief, so that a better statement of the rule is as follows: "It is not necessary that the property be received directly from the thief, and . . . the offense is made out by proof that it was received from anyone, if the other essential elements are present." 2 Brill, Cyc. Crim. Law §926, and cases cited. The language used in *Foster* v. *State, supra,* seems to be a misapplication of the common-law rule to our statutory crime of receiving stolen goods. See *Curran* v. *State* (1904), 12 Wyo. 553, at pp. 572, 573, 76 Pac. 577. It may have been employed upon the supposed authority of *State* v. *Ives* (1852), 35 N. C. (13 Ire.) 338, or *United States* v. *DeBare* (1875), 6 Biss. (U. S. Cir. Ct.) 358, (see 2 Bishop, Crim. Law [9th ed.], §1140, p. 846), but an examination of those cases shows that in *State* v. *Ives,* the prosecution was under a statute, taken from the statute of Ann, which made the receiver of stolen goods an accessory, and consequently, under the doctrine of "principal and accessory," it was necessary to point out the principal, and in *United States* v. *DeBare, supra,* the court held that the property had been captured from the thief named in the

indictment by the owner (the United States), and the act of forwarding it to the receiver was the act of the owner. There are no common-law crimes in Indiana, and our statute does not include in its definition of the crime here involved anything limiting its application to receiving stolen goods from any particular person.

Under their second assignment of error, appellants further contend that, since it is charged in the indictment that the goods were stolen "by some person to the grand jurors unknown," that "it must be made to appear at the trial that the name of the thief was unknown to the grand jury and that reasonable diligence was used (by the grand jury) to ascertain his name." In a prosecution for receiving stolen goods, neither the thief nor the next former possessor is upon trial, and his identity is, therefore, an immaterial matter (*Semon* v. *State, supra*), and, as already noted, the name of the thief need not be alleged in the indictment. Likewise, if the thief is unknown, that fact need not be alleged, but if his name, or the fact that his name is unknown, is alleged, such allegation must be proved for the identification of the offense as charged. *Semon* v. *State, supra.* Proof was made by the State in this case that the identity of the burglar was unknown, although diligent search had been made to discover it.

Appellants' contention that it must be made to appear that the name of the thief was unknown *to the grand jury,* etc., is based upon another statement made in *Foster* v. *State, supra,* the statement being the same as that portion of the sentence quoted in the preceding paragraph which is inclosed in quotation marks, excepting the phrase enclosed in parentheses. But this statement in the Foster case was expressly disapproved in *Carter* v. *State* (1909), 172 Ind. 227, 87 N. E. 1081, where it was said:

"The true rule, both upon reason and the authorities, is that, if the name of a person, or means used to accomplish an unlawful end, are alleged by the grand jury to be unknown, it is not incumbent upon the State to show in the first instance affirmatively that such fact was unknown to the grand jury; but it is incumbent upon the State to prove to the traverse jury that the fact alleged to be unknown is unknown, or to prove such a state of facts or circumstances as render the alleged unknown fact uncertain, in which event such fact is presumed to have been unknown to the grand jury."

In *Carter* v. *State, supra,* it was further said:

"But if there is evidence tending to show that the grand jury *did* know, or could by the use of reasonable diligence have known, the fact alleged to be unknown, or was negligent or perverse in not alleging what was at its command to know, then the burden is upon the State to show that the grand jury did not know the alleged unknown fact,"

but, in the case at bar, the record contains nothing which placed on the State a burden to show that the grand jury did not know the alleged unknown fact.

Appellants' motion, made at the beginning of the trial, to require certain merchandise to be withdrawn from the sight and presence of the jury because such merchandise was not described, identified or referred to and set out in the indictment, was properly overruled. Under the rule stated *infra*, the State, in introducing in evidence stolen property found in defendant's possession, is not limited to that property described and charged in the indictment.

A considerable amount of property stolen from the stores at Fowlerton and Albany, which was found in appellants' possession at the time of their arrest, was introduced in evidence, and it does not appear from the record that any property was in the court-room and

within the view of the jury which was not introduced in evidence. We can conceive of a situation where a display in a court-room of a large amount of merchandise not admissible in evidence or not connected with the case on trial might, unexplained, be prejudicial to a defendant's rights, but no such situation is shown to exist here.

The stolen property from the Fowlerton and Albany stores was properly introduced in evidence. In trials for receiving stolen goods, evidence tending to prove that other stolen goods were found in the possession of the defendant at the time of or prior to the receiving complained of, is competent to be considered with all the other evidence in the case on the question of guilty knowledge—such evidence reasonably tending to support an inference that the accused, when he received the goods in controversy, had knowledge of their larcenous character. *Beuchert* v. *State, supra; Carpenter* v. *State* (1921), 190 Ind. 611, 131 N. E. 375; *Dampier* v. *State* (1921), 191 Ind. 334, 132 N. E. 591. In *Jeffries* v. *United States* (1907), 7 Ind. T. 47, 103 S. W. 761, and *Goldsberry* v. *State* (1902), 66 Nebr. 312, 92 N. E. 911, it was held that it was immaterial whether the other possession occurred before or after the possession charged. Some of the cases state that it must appear that such other goods were received by the accused with the knowledge that they were stolen, on the theory that the only ground on which such evidence is admissible is to show that the defendant had been put on his guard as to the questionable nature of his dealings, 34 Cyc 526, but this court, in *Beuchert* v. *State, supra,* concluded that, by the weight of authority, evidence tending to prove that other stolen goods were found in a defendant's possession is admissible on the ground that the fact would support the inference that such defendant when he received the goods in controversy had knowledge of their larcenous character. The receipt of stolen goods

on repeated occasions under circumstances tending to arouse suspicion affords a fair basis for an inference of guilty knowledge. 17 R. C. L. 88.

Judgment affirmed.

Myers and Travis, JJ., concur in result.

Willoughby, J., absent.