(No. 19331.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH WAGNER, Plaintiff in Error.

*Opinion filed February 20, 1929.*

EUGENE L. McGARRY, (ELWYN E. LONG, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

The January, 1927, Cook county grand jury returned an indictment, consisting of two counts, against George Bynard, William Pfeiffer and plaintiff in error, Joseph Wagner. The first count charged the larceny on October 18, 1926, of an automobile, the property of Guy E. Beard. The second count in apt words charged the defendants with receiving the stolen automobile knowing the same to have been stolen. After ten continuances, on October 20, 1927, on motion of the State's attorney, the cause was stricken from the docket with leave to re-instate. On February 16, 1928, the cause was re-instated, placed on the trial docket and a *capias* issued for plaintiff in error. He appeared,

entered into a recognizance, pleaded not guilty, was tried March 14, 1928, and during the trial a *nolle pros.* was entered as to the first count. The jury found him guilty on the second count, and after a motion for a new trial was overruled he was given an indeterminate sentence to the penitentiary at Joliet. He brings the record to this court for review upon writ of error.

There is very little conflict in the evidence in the case. On October 18, 1926, Guy E. Beard parked his automobile in Grant Park, Chicago, at 9:30 A. M. When he returned for the car at 2:30 P. M. it had been stolen. He next saw the car on December 30, 1926, in Cicero, where the police had found it in the possession of a man by the name of Krabeck. Krabeck bought the car in the latter part of November, 1926, and received a bill of sale for the same from plaintiff in error. The evidence shows that George Zdarsky, a neighbor of Krabeck's, told plaintiff in error that Krabeck wanted to buy a car. A few days later Zdarsky, Pfeiffer, Bynard, and plaintiff in error and his wife, went in the car in question to Krabeck's home. Plaintiff in error offered to sell the car for $650 but finally it was sold for $550. Plaintiff in error testified that a few days prior thereto he was introduced by a friend to Pfeiffer, who said he was a used car salesman; that Pfeiffer asked him to sell cars for him on commission, which he agreed to do; that later Pfeiffer brought the car in question to plaintiff in error's home; that Zdarsky, who was present, told him that his brother wanted to buy a car; that Zdarsky's brother recommended Krabeck as a prospective buyer; that the parties named then went to Krabeck's; that the reason the bill of sale was made out in his name was that Pfeiffer told him that he had some money tied up in the bank and that he did not want the bill of sale recorded in his name; that he did not know, and had no reason to believe, that the car was a stolen car; that he paid $500 of the purchase price to Pfeiffer and retained $50 for his commission. He

testified that he told Krabeck at the time of the sale that the car belonged to Pfeiffer. As to this latter statement he is corroborated by Zdarsky and contradicted by Krabeck.

Seven witnesses, among whom was a former judge of the circuit court of Cook county, testified that plaintiff in error's reputation for being a law-abiding citizen was good.

At the request of the State's attorney the court gave to the jury the following instruction:

"The exclusive possession, shortly after the commission of a larceny, robbery or burglary of stolen property, the proceeds of the crime, if unexplained, may of itself raise an inference of guilt of the person having such possession, sufficient to authorize a conviction in the absence of any other evidence of facts circumstances in evidence which leave in the mind of the jury a reasonable doubt as to the guilt of such person."

In *People* v. *Prall*, 314 Ill. 518, it is said: "The court gave to the jury an instruction which stated that 'the exclusive and unexplained possession of stolen property soon after the commission of a theft is *prima facie* evidence of the guilt of the person in whose possession it is found.' It was error to give this instruction for two reasons: First, the possession of stolen property soon after it is stolen is *prima facie* evidence of guilt only when the possession is exclusive in the accused, and there is no proof in this record that the casings and tubes in question were ever in the exclusive possession of plaintiff in error; second, possession of stolen property is not evidence of knowledge by the accused, when he received the property, that the property was stolen, which is an essential element of the crime of receiving stolen property, and so it was error to give this instruction, under any circumstances, without limiting it to the count charging larceny.—*People* v. *Lardner*, 296 Ill. 190." What was there said applies with equal force to the instruction given in the instant case. The instruction was erroneous, and in a case like the present, where there is

very little, if any, evidence tending to show that plaintiff in error had knowledge that the automobile was stolen, it would naturally be prejudicial to the defendant.

For the error in the giving of this instruction the judgment of the criminal court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*