(No. 19407.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KENNETH COPE, Plaintiff in Error.

*Opinion filed June 19, 1929.*

JOHN J. BYRNE, (J. M. GWIN, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and G. E. NELSON, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DIETZ delivered the opinion of the court:

The plaintiff in error and Michael Scanlon were jointly indicted in the criminal court of Cook county. The indictment contained two counts. The first count charged the larceny on February 24, 1928, of an automobile, five automobile tires and five inner tubes, the property of Earl F. Carson. The second count charged them with receiving the stolen automobile, automobile tires and inner tubes knowing the same to have been stolen. The plaintiff in error was tried by a jury and found guilty of the larceny of the automobile. His motions for a new trial and in arrest of judgment were overruled and he was sentenced to the Illinois State Reformatory. By this writ of error he seeks a reversal on the ground, among others, that an instruction

given for the prosecution was erroneous, as not based on the evidence.

On the evening of February 23, 1928, an automobile belonging to Earl F. Carson was taken from a parking space at Seventy-ninth and Halsted streets, in the city of Chicago. It was next seen about five days later, when it was recovered from a stone quarry, without headlights, speedometer, battery, tires or other accessories. It was towed to the Gresham police station, where it was later identified by the owner. On the morning of February 27 following, certain police officers discovered four automobile tires in a basement in which plaintiff in error and Scanlon were sleeping. It is not shown that the tires were in their exclusive possession. The basement was in charge of a janitor who had access to the tires and was present at the time. These tires were taken to the police station, where they were later identified by the owner as having been taken from his automobile.

The instruction complained of was given on behalf of the prosecution. It is as follows:

"The exclusive possession, shortly after the commission of a larceny, robbery or burglary, of stolen property, the proceeds of the crime, if unexplained, may of itself raise an inference of guilt of the person having such possession, sufficient to authorize a conviction in the absence of any other evidence of facts or circumstances in evidence which leave in the mind of the jury a reasonable doubt as to the guilt of such person."

There was no proof that the automobile in question was ever in the possession of the plaintiff in error or that his possession of the automobile tires was exclusive. In the absence of such proof this instruction should not have been given. It naturally was prejudicial to the plaintiff in error. *People* v. *Wagner,* 333 Ill. 603; *People* v. *Prall,* 314 id. 518.

For the error indicated the judgment must be reversed and the cause remanded. *Reversed and remanded.*